SECOND DIVISION

January 26, 1999

No. 1-97-3798

BOBBIE HUNT, as Special Adm'r of the ) Appeal from the

Estate of Ernest Hunt, Deceased         ) Circuit Court of

) Cook County.

Plaintiff-Appellant, ) 

)

v. )

)

GARTH HARRISON, ) Honorable

) Ronald Banks,

Defendant-Appellee. ) Judge Presiding.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Bobbie Hunt, as special administrator of the estate of the decedent Ernest Hunt, brought suit against defendant Garth Harrison the driver of the car that struck and killed the decedent.  During jury selection the trial court determined that plaintiff violated 
Batson v. Kentucky
, 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986), and dismissed plaintiff’s case as a sanction.  Plaintiff appeals, claiming that trial court improperly found that plaintiff violated 
Batson
 and that, even if a 
Batson
 violation occurred, dismissal of plaintiff's case with prejudice was an unprecedented and unjustified sanction.  Plaintiff also claims that the trial court erred in ruling that plaintiff was barred from calling Reverend Reginold Walker from testifying in plaintiff’s case in chief.  We reverse and remand.

Jury selection began on July 17, 1997.  Before 
voir
 
dire
 the trial court noted that each party would be allowed five peremptory challenges.  Plaintiff exercised her first peremptory challenge against William Brille, a Caucasian man.  Plaintiff exercised her second peremptory challenge against Sydney Iglitzen, a Caucasian woman.  Plaintiff exercised her third peremptory challenge against Anna Booge, another Caucasian woman.  After plaintiff peremptorily challenged Booge, defendant raised an objection, arguing that plaintiff was discriminating against whites in violation of 
Batson
.  Defendant informed the court that, although there were a lot of blacks and other minorities on the venire, there was a discriminatory pattern in that plaintiff had not chosen any white females.  The trial court asked plaintiff to respond and articulate a race-neutral explanation for excluding Booge.  Plaintiff claimed that she excused Booge because she worked for an insurance company, and because Booge and her son had been involved in separate automobile collisions and Booge was displeased with the settlements in both cases.  The trial court found these explanations race neutral and stated that it too would have excused Booge.  The trial court then asked plaintiff for an explanation as to why she exercised her second peremptory challenge against Iglitzen.  Plaintiff asserted that she excused Iglitzen because she hesitated in talking about an occurrence involving alcohol, and she had stated that she had been struck by a car and was dissatisfied with the settlement she had received for her injuries.  The trial court determined that plaintiff’s excusal of Iglitzen was race neutral, but close to the line.  

 Soon thereafter plaintiff exercised her fourth peremptory challenge against Ramon Daguinsin.  Defendant objected to this challenge as discriminatory, stating that, "This is the second white male that we have lost, and I think its becoming clear that we’re getting rid of all white males and females."  Plaintiff responded that she believed that Daguinsin was Hispanic, not Caucasian.  The trial court, however, stated that "[h]e’s white because he’s Hispanic."  The trial court then asked plaintiff why she had excused Daguinsin.  Plaintiff stated that she excused Daguinsin because of his employment as an EKG technician, his lack of children, and his responses to alcohol-related questions.  The trial court did not believe plaintiff’s explanations for this challenge and found that plaintiff had discriminated against Caucasians in the jury selection process.  Plaintiff then stated that she would accept Daguinsin on the jury.  The trial court, however, stated that it had no choice but to dismiss plaintiff’s case with prejudice as a sanction.

 Plaintiff claims on appeal that no 
Batson
 violation occurred during jury selection and that, even if a 
Batson
 violation did occur, the trial court's decision to dismiss plaintiff's case was an excessive and unprecedented sanction for a 
Batson
 violation.   For the purposes of this appeal, we need not address whether the trial court properly determined that a 
Batson
 violation occurred, since we find that even if such a violation did occur, the dismissal of plaintiff's case was an inappropriate sanction.   In 
Batson
, the Supreme Court stated that the trial court has the discretion to fashion a remedy where it finds that a party has engaged in discriminatory practices during jury selection.  The Supreme Court explained:  

"[W]e express no view of whether it is more appropriate in a particular case, upon a finding of discrimination against black jurors, for the trial court to discharge the venire and select a new jury from a panel not previously associated with the case [citation] or to disallow the discriminatory challenges and resume selection with the improperly challenged jurors reinstated on the venire."  
Batson
, 476 U.S. at 99 n.24, 90 L. Ed. 2d at 90 n.24, 106 S. Ct. at 1725 n.24.

See 
Edmonson v. Leesville Concrete Co.
, 500 U.S. 614, 114 L. Ed. 2d 660, 111 S. Ct. 2077 (1991) (applied 
Batson
 to civil proceedings).

Our review of cases within Illinois and those outside this jurisdiction reveals that where a 
Batson
 violation is found to exist, courts apply one of these two remedies.  In no case has a court entered a dismissal with prejudice as a sanction for committing a 
Batson
 violation.

 Dismissal of a cause of action is a drastic sanction and only should be employed when it appears that all other enforcement efforts of the court have failed to advance the litigation.  
Sander v. Dow Chemical Co.
, 166 Ill. 2d 48, 651 N.E.2d 1071 (1995).  The purpose of imposing sanctions is to coerce compliance with court rules and orders, not to punish the dilatory.  
Sander
, 166 Ill. 2d at 68.   

Here, the trial court found that plaintiff had excused only one juror, Daguinsin, based on race.  After the trial court concluded that a 
Batson
 violation had occurred, plaintiff suggested that the trial court allow Daguinsin to remain on the jury.  The trial court instead dismissed plaintiff’s case with prejudice, stating, “I believe there is no other sanction I can give than that.”  The trial court, however, had different remedies available.  It could have had Daguinsin sit on the jury as plaintiff suggested, or it could have dismissed the venire and selected a jury from a new panel.  The trial court for some reason chose not to use either of these available remedies.  Based on the particular circumstances of this case, where the trial court found only one instance of a peremptory challenge being used in a discriminatory manner, we find that the dismissal of plaintiff's case was an excessive and inappropriate sanction.  We therefore reverse the trial court order dismissing plaintiff's case and remand for further proceedings.

 Plaintiff next claims that the trial court erred in barring Reverend Reginold Walker from testifying in plaintiff's case in chief as a witness on the issue of damages.  Plaintiff sought to have Reverend Walker testify as to decedent's relationship with his children.  Defendant moved to bar plaintiff from calling Reverend Walker on the basis that the reverend's testimony would be cumulative of that of decedent's children.  The trial court decided that Reverend Walker's testimony would only be allowed on rebuttal if defendant disputed that decedent was a good father to his children.  

 The admission of evidence rests largely within the sound discretion of the trial court and its decision will only be reversed when such discretion has been clearly abused.  
Pyskaty v. Oyama
, 266 Ill. App. 3d 801, 641 N.E.2d 552 (1994).  The court has considerable power to exclude evidence that is merely cumulative, including limiting the number of witnesses each party may call.  
In re Marriage of Wycoff
, 266 Ill. App. 3d 408 (1994). 

 Plaintiff planned on calling two of decedent's five children to testify as to their relationship with decedent.  Plaintiff also  sought to introduce Reverend Walker's testimony as to the relationship decedent had with his children.  In barring Reverend Walker's testimony in plaintiff's case in chief, the trial court stated that, "I don't need redundancy. I don't need 15 people talking about how nice [decedent] was to his kids."

 Certainly the trial court has discretion to limit the number of witnesses when a party intends to call numerous witnesses to give virtually identical testimony.  Here, however, plaintiff only intended to call two of decedent's five children and one independent witness.  Reverend Walker, as the only independent witness, could have offered a different perspective on decedent's relationship with his children, and he had no stake in the outcome of the case.  We do not believe that Reverend Walker's testimony was repetitive under these circumstances.  Thus, assuming on remand that plaintiff calls Reverend Walker to testify as to decedent's relationship with his children, as represented in the record before us, we find that Reverend Walker should be permitted to testify.

 Reversed and remanded.     

COUSINS and RAKOWSKI, JJ., concur.