*In re* MARRIAGE OF JEFFREY R. BOOHER, Petitioner-Appellant, and DIANE L. BOOHER, Respondent-Appellee.

Fourth District   No. 4—99—0946

Argued April 18, 2000.—Opinion filed May 3, 2000.

Dennis G. Woodworth (argued), of Lewis, Blickhan, Longlett, Woodworth & Timmerwilke, of Quincy, for appellant.

F. Donald Heck, Jr. (argued), of Pollock, Ennis & Heck, of Quincy, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

In August 1999, the trial court entered a judgment dissolving the marriage of petitioner, Jeffrey R. Booher, and respondent, Diane L. Booher. In its judgment of dissolution, the court (1) ordered Jeffrey to pay Diane $225-per-month maintenance until August 2001; (2) gave Diane the marital residence and all of its contents; (3) apportioned to Jeffrey two boats, a boat trailer, and all outstanding marital debt; (4) ordered Jeffrey to pay Diane's attorney fees; and (5) gave custody of the couple's three children to Diane, with Jeffrey having visitation subject to certain conditions.

Jeffrey appeals, alleging the trial court abused its discretion by (1) not allowing him to present any evidence as a sanction for violating its discovery order, (2) ordering an inequitable distribution of marital property, and (3) ordering restricted visitation. We affirm in part, vacate in part, and remand with directions.

## I. BACKGROUND

The parties married in August 1984. Three children were born of the marriage: Travis, born January 3, 1985; Jennifer, born July 16, 1988; and Cory, born December 6, 1996. In February 1999, the parties separated. Diane and the children remained in the marital residence and Jeffrey moved to a "camp" along the Mississippi River.

In March 1999, Jeffrey filed a petition for dissolution of marriage alleging extreme and repeated mental cruelty. On the same date, he also filed a petition for temporary custody and temporary support. Diane filed a counterpetition for dissolution of marriage alleging extreme and repeated mental cruelty. In May 1999, the trial court ordered all

affidavits be filed on or before July 12, 1999, and set a trial date of July 19, 1999. Later the same month, Jeffrey's counsel filed, and the trial court granted, a petition to withdraw as attorney of record based on Jeffrey's concern over attorney fees. Jeffrey proceeded *pro se*.

On July 15, 1999, Diane filed her pretrial affidavit. On July 19, 1999, the trial court conducted the hearing. At the beginning of the hearing, Diane asked the court to strike Jeffrey's pleadings and to preclude him from presenting any evidence because he failed to file a pretrial affidavit. Jeffrey explained to the court he did not know how to get a form for the affidavit. He said he went to the county clerk in an attempt to get a form, and the clerk informed him he had a July 19 trial date and he could discuss the affidavit then. The trial court struck Jeffrey's pleadings, barred him from presenting *any* evidence, and proceeded on Diane's counterpetition.

Diane testified she sought custody of the three children. Travis, the eldest (14 years old), was staying at his grandparents' house. She stated her petition alleged mental cruelty because Jeffrey was abusive and hateful, he had an affair, and he struck her. On cross-examination, Diane admitted she told Travis if he could not respect her he needed to leave the home. She told him to leave the house and to call his grandparents to pick him up. She packed some of his clothes and set them outside. Travis resided with his grandparents at the time of the hearing.

Diane testified Jeffrey's visitation with the children should be supervised because he would take the children to the camp and he drinks alcohol at the camp. She feared for the safety of the children at the camp and did not believe Jeffrey adequately supervised the children.

Diane is employed at Janitorial Mixers, cleaning offices. She has a twelfth-grade education and, during a large part of the marriage, did not work outside the home. She had a monthly income of $416.16. In addition, she earned extra money cleaning homes as a side job, with her earnings varying weekly. She sought maintenance and attorney fees because she could not pay her monthly bills.

Jeffrey testified as an adverse witness. Jeffrey is employed as a service manager at Ron's Tire Service. In the first three months of 1999, Jeffrey earned $8,834. He also earned extra money fixing cars on his own time. In November 1998, he applied for a position with the City of Quincy (City). He had not been hired at the time of trial because the City's garage was not completed. If offered the position, he planned on accepting it. The position pays less than his current salary. In May 1999, he purchased a 1996 pickup truck for better fuel mileage. He was not allowed to testify about custody or visitation because he was not questioned about visitation by Diane's counsel.

In August 1999, the trial court entered a judgment of dissolution of marriage. The trial court awarded custody of the three children to Diane, with Jeffrey's visitation subject to enumerated conditions, *i.e.*, visitation could not occur at Jeffrey's residence to prevent serious endangerment to the physical and emotional health of the children. The court ordered Jeffrey to pay $300 child support and $225 maintenance every two weeks until August 2001. The court awarded Diane the marital residence, valued at $46,000, with approximately $10,000 equity; personal property valued at $3,200; and a 1975 vehicle valued at $500. The court awarded Jeffrey a boat, motor, and boat trailer valued at $2,825; and the pickup truck having equity of $300; and it ordered him to pay marital debt of $7,305 and Diane's attorney fees of $2,100.

In September 1999, Jeffrey hired new counsel and, in November 1999, filed a motion to reconsider. The trial court denied the motion to reconsider and this appeal followed.

## II. ANALYSIS

### A. Discovery Sanction

Jeffrey argues the trial court abused its discretion by precluding him from presenting *any* evidence as a sanction for his failure to file his discovery affidavit. We agree.

■ Supreme Court Rule 219(c) (166 Ill. 2d R. 219(c)) authorizes a trial court to impose a sanction on a party who unreasonably fails to comply with the court's discovery rules or orders. *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 112, 120, 692 N.E.2d 286, 289 (1998). The trial court has discretion to impose a particular sanction, and its decision will not be reversed absent a clear abuse of discretion. *Shimanovsky*, 181 Ill. 2d at 120, 692 N.E.2d at 289. The sanction imposed by the trial court should ensure discovery and a trial on the merits. The purpose of the sanction is to coerce compliance with discovery orders, not to punish the remiss party. *Shimanovsky*, 181 Ill. 2d at 123, 692 N.E.2d at 291. Dismissal or entry of a default judgment is a severe sanction and should be invoked only in cases where the party's actions exhibit a deliberate, contumacious, or unwarranted disregard of the court's authority and after all the other court's enforcement powers have failed to advance the litigation. *Shimanovsky*, 181 Ill. 2d at 123, 692 N.E.2d at 291.

■ The factors used to determine if a trial court abused its discretion in determining the appropriate sanction include the following: (1) the surprise to the adverse party, (2) the prejudicial effect of the proffered evidence or testimony, (3) the nature of the evidence or testimony, (4) the diligence of the adverse party in seeking discovery,

(5) the timeliness of the adverse party's objection to the evidence or testimony, and (6) the good faith of the party offering the evidence or testimony. No single factor is determinative. *Shimanovsky*, 181 Ill. 2d at 124, 692 N.E.2d at 291.

■ Applying these factors to the present case, we find the trial court abused its discretion by not allowing Jeffrey to present *any* evidence. Diane cannot claim surprise regarding the missing information due to Jeffrey's failure to file his affidavit. Jeffrey previously complied with all discovery requests, including documents pertaining to Jeffrey's financial information. This is evidenced by Diane's affidavit indicating essentially all the property was marital property, knowing what property existed, knowing the estimated value of the property, and having copies of Jeffrey's recent paychecks. In addition, the trial court's order required the affidavit to contain information regarding income, expenses, and property. The order did not require the pretrial affidavit to contain any information regarding custody or visitation. Diane cannot argue surprise concerning other evidence or testimony, *i.e.*, testimony concerning custody of the children.

The prejudicial effect and the nature of the evidence the trial court refused to allow were also great. A review of the record reveals the trial court determined the custody of the parties' three children through a few questions asked of Diane, the party seeking custody, by her own attorney. Jeffrey attempted to elicit additional testimony from Diane but was severely restricted because he could only question her on material covered under direct examination. Jeffrey was unable to present any of his own evidence. He attempted to elicit evidence concerning the eldest son being removed from the home and staying with grandparents. While a small amount of testimony was obtained concerning this important issue, the trial court did not allow further questions about the incident. In addition, he attempted to offer additional evidence concerning the custody of the children, but the trial court refused to allow it because he could not offer any evidence due to the court's sanctions.

Custody and visitation are too important for the trial court to prevent Jeffrey from presenting *any* evidence on these issues. See *In re Marriage of Benevento*, 118 Ill. App. 3d 16, 19, 454 N.E.2d 766, 768 (1983) ("The primary and paramount consideration in a child custody case is the best interest and welfare of the child"). Jeffrey failed to file an affidavit containing information about income, expenses, and property. This failure should not prevent him from presenting evidence concerning what is in the best interests of his children. See *People ex rel. General Motors Corp. v. Bua*, 37 Ill. 2d 180, 197, 226 N.E.2d 6, 16 (1967) (pleadings should be stricken "only when the stricken pleadings bear some reasonable relationship to the information withheld").

We note Diane asked the trial court to strike Jeffrey's petition and to not allow him to present evidence because he failed to comply with the court's order when she also failed to comply with the court's order. In addition, Diane asked the court to sanction Jeffrey on the day of the hearing. Asking for the sanction immediately before the hearing did not allow any time to comply with the order, albeit compliance would be late, as was Diane's affidavit.

We also conclude Jeffrey presented evidence he made a good-faith effort to provide the information. Jeffrey complied with all previous discovery requests and contended he attempted to get a form for the affidavit from the clerk's office and then followed the clerk's directive. See *Azim v. Department of Central Management Services,* 164 Ill. App. 3d 298, 301, 517 N.E.2d 718, 720 (1987) (plaintiffs had a right to rely on statement made by the clerk's office that complaint would be file-stamped on a particular date).

A greater degree of prejudice and a greater showing of wrongdoing would be needed to warrant imposing such a severe sanction. We conclude not allowing Jeffrey to present *any* evidence was both unwarranted and unreasonable as a sanction. We understand the potential frustration in dealing with a *pro se* litigant, but this sanction effectively determined the outcome. A reasonable sanction for failure to comply with an order for discovery providing information on income, expenses, and property, when much of the information was already disclosed in previous discovery, would be one barring him from contradicting or going beyond the discovery materials provided *on those matters*; it would not bar *any* testimony regarding the marriage and, more important, the best interests of the children. See *Shimanovsky,* 181 Ill. 2d at 128-29, 692 N.E.2d at 293 (trial court abused its discretion in dismissing plaintiffs' case after plaintiffs partially destroyed evidence in a good-faith effort to determine legitimacy of their legal claims); *Hunt v. Harrison,* 303 Ill. App. 3d 54, 57, 707 N.E.2d 232, 235 (1999) (dismissal of plaintiff's case was an excessive and inappropriate sanction where the trial court found only one instance of a peremptory challenge being used in a discriminatory manner).

Accordingly, we affirm the trial court's judgment as to grounds, vacate it as to ancillary matters, and remand the cause for a hearing consistent with this order. In light of our determination, we need not address defendant's remaining arguments.

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment as

362

to grounds for dissolution of marriage and otherwise vacate and remand the cause for further hearing consistent with this order.

Affirmed in part and vacated in part; cause remanded with directions.

COOK, P.J., and STEIGMANN, J., concur.