AMEEN AZIM et al., Plaintiffs-Appellants, v. THE DEPARTMENT OF CENTRAL MANAGEMENT SERVICES et al., Defendants-Appellees.

Third District   No. 3—87—0315

Opinion filed December 30, 1987.

Cornfield & Feldman, of Chicago (Stephen A. Yokich, of counsel), for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Diane Curry-Grapsas, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiffs filed an action under the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3–101 et seq.) seeking review of a decision rendered by the Illinois Civil Service Commission (Commission). The defendants filed a motion to dismiss, alleging that the complaint was not timely filed and that summonses were issued late. The circuit court of Peoria County allowed the motion and dismissed the action. The plaintiffs appeal. We reverse and remand.

The plaintiffs alleged in their complaint that they were wrongfully terminated from their employment and that the Commission's determination that their layoffs should be upheld was erroneous. The Commission rendered its decision on September 17, 1986, and the decision was mailed to the plaintiffs on September 18.

On October 21, 1986, a secretary from the office of the plaintiffs' attorney mailed copies of the complaint to the clerk of the Peoria County circuit court and to the attorneys for the defendants. The complaint was received in the clerk's office on October 22, the 34th day after the mailing of the decision. Affidavits filed by the plain-

tiffs' attorney, Tom Edstrom, and his secretary stated the following. Joanie Crusen, an employee from the clerk's office, telephoned on October 22 and informed Edstrom that the filing fee had not been enclosed with the complaint. After Edstrom explained that the complaint needed to be file-stamped and served that day, Crusen told him that she would file-stamp the complaint and he could mail the fee to the clerk's office. Edstrom's secretary mailed a check for $52 to the clerk's office later that day. As a result of his conversation with Crusen, Edstrom believed that the complaint would be file-stamped and served on the defendants on October 22.

On October 29, 1986, the check which had been sent to pay the filing fee was returned to Edstrom's office. A form letter relating to alimony and child support payments accompanied the check and the notation on the letter indicates that the clerk could not identify the account to which the check was to apply. Edstrom spoke with a supervisor at the circuit clerk's office who explained that Crusen's earlier representations that the complaint would be file-stamped on October 22 were incorrect and unauthorized. The supervisor told Edstrom that someone from the clerk's office attempted to call him collect on October 22, after he spoke with Crusen, but the calls were not accepted because Edstrom was out of the office. Edstrom then resubmitted the check to the clerk's office, along with a letter identifying the case and requesting the check be accepted as the filing fee.

On November 7, 1986, the check was again returned to Edstrom's office. The check was accompanied only by a copy of the statute setting forth civil filing fees with the words "paid in advance" circled. On November 7, Edstrom again submitted the check to the clerk's office with a letter requesting that it be applied to pay the filing fee in this case. On that date Edstrom also sent additional copies of the complaint to the defendants' attorneys. The complaint was file-stamped November 10.

On November 24, 1986, Edstrom encountered an employee of the Department of Central Management Services (Department), one of the defendants herein, who informed Edstrom that the Department had not been served with summons in this case. On that date, Edstrom sent copies of the complaint, prepared summonses, and additional fees to the circuit clerk's office. The clerk's office issued summonses to the defendants on December 1, 1986.

The defendants moved to dismiss the case, alleging that the plaintiffs failed to comply with the Administrative Review Law (the Act), which provides in pertinent part:

"Every action to review a final administrative decision shall

be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Ill. Rev. Stat. 1985, ch. 110, par. 3—103.)

Specifically, the defendants stated that the complaint was filed 53 days after the final decision was served and summonses were issued 74 days after the decision was mailed to the plaintiffs. In response to the motion to dismiss, the plaintiffs argued that because of the representations made by the employee of the clerk's office, they were led to believe that the complaint would be file-stamped and summonses would be issued within 35 days of the mailing of the administrative decision. The plaintiffs further noted that the defendants acknowledged receipt of the complaint for administrative review on October 23, 1986, 35 days after the administrative decision was served. The trial court found that the complaint was not timely filed, through no fault of the circuit clerk's office, and dismissed the action. The plaintiffs filed the instant appeal. We reverse and remand.

■ The plaintiffs first argue that the complaint was timely filed. We agree. The Act requires a complaint for administrative review to be filed no later than the 35th day following service of the decision on the affected party. In the case at bar, the complaint arrived in the circuit clerk's office on the 34th day of the limitations period. Although the proper filing fee was not sent with the complaint, Crusen, when she telephoned from the clerk's office, assured the plaintiffs' attorney that the complaint would be file-stamped on October 22 and that he could mail the fee to the office. Edstrom relied on Crusen's assurances and mailed the fee, rather than having it hand-delivered to the clerk's office on that day or the next.

We find that the plaintiffs' attorney had a right to rely on the statement made by Crusen that the complaint would be file-stamped on October 22. She was an employee of and represented the circuit clerk's office and although her representations to Edstrom were apparently unauthorized, Edstrom had no reason to disbelieve her or question her authority. Accordingly, we find that in this case, when the complaint was received in the clerk's office on the 34th day of the statutory period and the filing fee was mailed the same day in accordance with the instructions of an employee of the clerk's office who assured the attorney the complaint would be file-stamped that day, the complaint was timely filed. The delay occasioned by the clerk's office's twice returning the check for the filing fee is therefore of no consequence.

We note additionally that the defendants received copies of the

complaint on October 23 and therefore had actual notice of the plaintiffs' desire for administrative review within the 35-day period established by the Act. Furthermore, they openly admitted that they have suffered no prejudice because of the delay in file-stamping.

■ The plaintiffs next allege that they exercised due diligence in obtaining the issuance of summonses and that the failure to issue summons within the 35-day period prescribed by statute does not mandate dismissal. We agree.

Our supreme court has stated that the filing of summonses after the 35-day limitations period will not render an action untimely if the plaintiff has diligently attempted to have the summonses issued within the specified period. (*City National Bank & Trust Co. v. Property Tax Appeal Board* (1983), 97 Ill. 2d 378.) In *City National Bank & Trust Co.*, the plaintiff seeking administrative review did not prepare a summons but was told by the deputy clerk that she would do so. The plaintiff's attorney advised the deputy clerk that the complaint was being filed on the last day and that summons had to be issued on that date. The attorney was told that the summons would be issued effective that date, but due to an inadvertent clerical error of the clerk's office, the summons bore a date three days later. The circuit court dismissed the action. Noting that courts liberally construe a right to appeal to allow a case to be considered on the merits, the supreme court found that dismissal was improper because the plaintiff did all it could to comply with the statute and the failure to issue the summons within the required time period was caused entirely by error in the clerk's office.

■ The facts in this case are similar to those in *City National Bank & Trust Co.* and they justify the same result. The Peoria County clerk's office received this complaint on the 34th day of the limitations period. Although prepared summonses were not sent with the complaint, the clerk's office was informed that the complaint needed to be filed and served that day and the attorney was assured that he could mail the filing fee and the complaint would be file-stamped on October 22. In many counties in this State, prepared summonses are not presented when a complaint is filed. Rather, the clerk of the court prepares summonses and issues them to the defendants of record. Accordingly, when Crusen did not inform Edstrom of any problem with the lack of prepared summonses when she telephoned, it was reasonable for Edstrom to expect summonses to be issued by the clerk's office on October 22, within the 35-day period. During subsequent communications with the clerk's office, the lack of prepared summonses was not discussed, further reinforcing

Edstrom's belief that the clerk would prepare and issue the summonses. Weeks after Edstrom's initial conversation with Crusen, when he first discovered that summonses had not been issued, Edstrom immediately sent additional fees and prepared summonses to the clerk's office. Therefore, the record before us supports a finding that the plaintiffs, in good faith, exercised due diligence in seeking issuance of summonses in accordance with the mandatory provisions of the statute. The delay in the issuance of summonses was caused solely by errors committed by personnel in the clerk's office. Under the reasoning of the supreme court in *City National Bank & Trust Co.*, we find that the errors of ministerial officers whom the plaintiffs cannot control should not serve to deprive them of their right to appeal. See also *Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399.

As we noted in our earlier discussion, copies of the complaint were sent to the defendants' attorneys within the statutory period, so the defendants had actual notice of the commencement of this action before formal summonses were issued. Furthermore, the defendants readily admitted that they were in no way prejudiced by the delay in file-stamping or receipt of formal summonses.

Accordingly, we hold that the action was timely commenced and that the plaintiffs acted with diligence in securing issuance of summonses within the 35-day period provided for by the Administrative Review Law. The judgment of the circuit court of Peoria County is therefore reversed and the cause remanded with directions to consider the administrative review on its merits.

Reversed and remanded.

STOUDER and WOMBACHER, JJ., concur.