HELEN BURNS, Plaintiff-Appellant, v. THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—01—3320

Opinion filed August 12, 2003.

Legal Assistance Foundation of Metropolitan Chicago (Miriam Hallbauer, of counsel), for appellant.

Daniel S. Mathless, of Chicago, for appellee PRN Healthcare Services, Inc.

James E. Ryan, Attorney General, of Chicago (Timothy K. McPike, Assistant Attorney General, of counsel), for other appellees.

PRESIDING JUSTICE McBRIDE delivered the opinion of the court:

This is an appeal from the circuit court's dismissal of Gloria M. Burns' (Burns)[1] complaint for administrative review of the Illinois Department of Employment Securities' (Department) denial of her request for unemployment benefits. PRN Healthcare Services, Inc., n/k/a Novastaff Healthcare Services, Inc. (PRN), Burns' former employer, objected to the court's jurisdiction on the grounds that Burns had failed to serve PRN at its principal place of business as required under the Administrative Review Law (Review Law) (735 ILCS 5/3—101 et seq. (West 2000)). The court agreed that Burns had failed to strictly comply with the Review Law. Additionally, the court held that Burns failed to show that the good-faith exception applied to excuse her noncompliance. Thus, it dismissed her complaint for review.

The record reveals that on June 11, 1999, Burns was terminated from her employment by PRN, allegedly for "excessive cancellations of assigned shifts." Ten days later, she filed a claim with the Department, seeking payment of unemployment benefits. PRN appeared in that proceeding through its agent Unemployment Consultants, Inc. (Unemployment Consultants), which is located in Arlington Heights, Illinois. Unemployment Consultants was authorized as PRN's designated agent with regard to Burns' claim in the Department and accordingly received notices in the administrative proceeding on behalf of PRN. Unemployment Consultants' address was the only address of record for PRN in the administrative proceeding.[2] Only one page in the administrative record reflects any other address for PRN, and that page is the termination letter issued to Burns. The top of the letterhead says "PRN Healthcare Services Inc." The letter is signed by a "Vice President," and the bottom of the letter shows a number and street address in Oak Brook, Illinois, and telephone and facsimile numbers. The letter does not identify the address as PRN's only place of business or its principal place of business. Apparently the last loca-

---

[1]Gloria M. Burns passed away while this appeal was pending, but after submission of all briefs on appeal. Helen Burns, as a representative of Ms. Burns' estate, has substituted as plaintiff-appellant. "Burns" as used in this opinion shall refer to Ms. Gloria M. Burns in her capacity as petitioner in the administrative hearing, unless otherwise indicated.

[2]We note that after the circuit court action was instituted and upon remand to the Board of Review, the administrative record shows the Arlington Heights address for Unemployment Consultants and a Chicago, Illinois, address for PRN's attorney in the circuit court proceeding as the addresses of record for PRN.

tion at which Burns worked for PRN was Hinsdale Hospital in Hinsdale, Illinois.

The Board of Review of the Department (Board) mailed its final decision (Decision) affirming the referee's denial of Burns' request for unemployment benefits on November 3, 1999. It was sent to Burns and to PRN, care of Unemployment Consultants. A document that generally described the procedures and time limitations for judicial review of the Decision accompanied the copy of the Decision mailed to Burns. The only address listed for PRN on the Decision was the address of Unemployment Consultants.

On December 7, 1999, Burns appeared at the office of the circuit clerk of Cook County seeking to appeal the Decision. When Burns approached the clerk with her copy of the Decision, the clerk directed her to the *pro se* desk for assistance in preparing the necessary papers for filing. At the *pro se* desk, an attendant took the copy of the Decision and, based on the information contained therein, drafted a complaint for review and a summons. The attendant addressed the summons to the Board, the Director of the Department (Director), and PRN, care of Unemployment Consultants at the Arlington Heights address listed for PRN on the Decision. Burns then took the complaint and summons to the clerk, who filed the complaint and issued the summons to the Board, the Director, and PRN.

Unemployment Consultants forwarded the summons and complaint to PRN, which filed its "Special and Limited Appearance of Defendant PRN Healthcare Services, Inc. for Purposes of Objecting to the Court's Jurisdiction over the Person of PRN" (Objection) on January 19, 2000. PRN attached the affidavit of Joanne M. Phillips, its president and sole shareholder, to the Objection. The affidavit identified PRN's place of business only as Oak Brook, Illinois, and did not provide a street address or post office box to which mail could be delivered. PRN argued that the court lacked jurisdiction because Burns failed to serve it at its principal place of business as required under the Review Law. Burns conceded that she did not serve PRN at its principal place of business, but instead served it at the address of Unemployment Consultants, its designated agent in the administrative proceedings. She claimed that she acted properly and in good faith in serving PRN through Unemployment Consultants, that any error in service was inconsequential, and that the legislature intended for appeals of administrative decisions to be heard on their merits. Thus, she claimed, the court should excuse any noncompliance with the Review Law.

During its consideration of PRN's Objection, the court ordered the parties to submit briefs on the relation of the *pro se* desk to the clerk

of the court. Burns argued that the *pro se* desk performed "an administrative function indistinguishable from the Clerk of Courts" and, consequently, that an error committed by the *pro se* desk attendant should be treated the same as an error by the clerk of court when considering whether the failure to serve PRN at its principal place of business should be excused under the good-faith exception. PRN countered that the *pro se* desk differs significantly from the clerk of the court because its services are sought voluntarily and that the good-faith exception applies only in cases where errors are made by the clerk of the court. The court subsequently dismissed Burns' complaint, finding that Burns had failed to comply with the strict service requirements of the Review Law and had failed to show that she acted in good faith to excuse her noncompliance. Its finding with regard to good faith was based on its acceptance of PRN's argument that the good-faith exception was inapplicable where the error in service was made by the *pro se* desk.

The primary issues raised on appeal are (1) whether Burns properly served PRN under the Review Law, in which case dismissal was improper, and (2) whether, if service was not proper, the good-faith exception applies to excuse Burns' noncompliance. The parties raise other minor and related issues, which we will address to the extent they are necessary to the disposition of this appeal.

■ We discuss one of these additional issues first. Burns argues that PRN has waived its right to object to the service of summons by filing a motion to reconsider in the trial court. Essentially, Burns claims that filing the motion to reconsider constituted a general appearance on the part of PRN and gave the circuit court jurisdiction over PRN in the review proceeding. We do not find the motion to reconsider constituted a general appearance. Nor do we conclude that PRN waived its right to contest service by filing the motion.

Significantly, the first pleading PRN filed in this case was its Objection, in which it claimed that the trial court lacked jurisdiction over PRN because Burns failed to serve PRN at its principal place of business as required under the Review Law. The circuit court did not immediately rule on PRN's Objection. Instead, it gave both sides time to respond in writing. The court then heard oral argument on the Objection. The court, however, determined that it needed additional information, including whether PRN had party status in the administrative proceeding, before it could rule on PRN's Objection. Thus, it remanded the matter to the Department for additional review. After a supplemental hearing, the Board found that PRN had party status.

Subsequently, Burns petitioned the trial court for a second remand, claiming that the first hearing was inadequate because the referee did

not have the original administrative file at the time of the hearing. The court granted Burns' motion for remand. PRN then filed its motion to reconsider, by which motion, Burns contends, PRN waived its right to object to improper service of summons. We disagree.

PRN did not waive its right to object because it had already exercised that right, and it was in the course of exercising that right that PRN filed its motion to reconsider. The motion was filed in the sequence of the circuit court's extended consideration of PRN's Objection. Thus, we hold that PRN did not waive its right to contest service by filing its motion to reconsider. Regardless, "even in the absence of a timely objection, the requirements of the Administrative Review Law are not waivable." *Gilty v. Village of Oak Park Board of Fire & Police Commissioners*, 218 Ill. App. 3d 1078, 1086 (1991); see also *Brazas v. Property Tax Appeal Board*, 309 Ill. App. 3d 520 (1999).

■ We turn now to PRN's objection to jurisdiction, which was brought under section 2—301 of the Code of Civil Procedure (735 ILCS 5/2—301 (West 2000)). Such objections raise questions of law, which we consider *de novo. Cameron v. Owens-Corning Fiberglas Corp.*, 296 Ill. App. 3d 978, 983 (1998). In cases such as this, where no disputed facts are at issue, our review is the same as for a section 2—619 motion to dismiss (735 ILCS 5/2—619 (West 2000)); thus, we may consider affidavits and counteraffidavits on file. *Cameron*, 296 Ill. App. 3d at 984. Under this standard, we first consider whether Burns' service upon PRN was proper under the Review Law.

■ Requests for judicial review of denials of benefits by the Department are governed by the Review Law. 820 ILCS 405/1100 (West 2000). The Review Law grants special statutory jurisdiction to circuit courts to review decisions of administrative agencies when such decisions are properly appealed to them. *ESG Watts, Inc. v. Pollution Control Board*, 191 Ill. 2d 26, 30 (2000). The Review Law "delimits the court's power to hear the case." *ESG Watts*, 191 Ill. 2d at 30. And "[a] party seeking to invoke special statutory jurisdiction thus 'must strictly adhere to the prescribed procedures' in the statute. [Citation.]" *ESG Watts*, 191 Ill. 2d at 30. Specifically, in order to obtain judicial review, a party must file its complaint for review and issue summons "within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision." 735 ILCS 5/3—103 (West 2000).

The purpose of the 35-day period is to " ' "hasten the procedure" of administrative review and avoid undue delay.' " *Carver v. Nall*, 186 Ill. 2d 554, 559 (1999), quoting *Lockett v. Chicago Police Board*, 133 Ill. 2d 349, 355 (1990). Unlike some other requirements under the Review Law, the 35-day period for issuance of summons is mandatory,

not jurisdictional. Thus, failure to comply with the provision does not automatically deprive the court of jurisdiction. Noncompliance, however, may result in dismissal of the complaint for review, unless a good-faith effort to comply with the requirement is made. *Carver*, 186 Ill. 2d at 559.

■ Specifically, with regard to service on nonagency defendants, the Review Law provides:

> "The clerk of the court shall also mail a copy of the summons to each of the other defendants, addressed to the last known place of residence or principal place of business of each such defendant. The plaintiff shall, by affidavit filed with the complaint, designate the last known address of each defendant upon whom service shall be made." 735 ILCS 5/3—105 (West 2000).

PRN contends that service upon Unemployment Consultants was improper because it was not service upon PRN's "last known place of residence or principal place of business." PRN does not contend that the summons was not timely served. Nor does it claim that Burns failed to name any necessary party. Instead, it challenges only the address of service. PRN argues that service upon PRN's last known address, even if that was Unemployment Consultants' address, is not proper under the Review Law. PRN relies upon section 804 of the Unemployment Insurance Act (820 ILCS 405/804 (West 2000)), which authorizes notice to a party's last known address in proceedings before the Department (820 ILCS 405/804 (West 2000)), and claims that the legislature's use of "last known address" in that context and "last known place of residence or principal place of business" under the Review Law indicates a clear intent to impose stricter service requirements for judicial review. However, our analysis of the Review Law fails to support this distinction.

■ We agree with PRN that it is a general rule of statutory interpretation that "[w]hen the legislature uses certain words in one instance and different words in another, different results were intended" and the terms "cannot be interpreted as equivalents." *Costello v. Governing Board of Lee County Special Education Ass'n*, 252 Ill. App. 3d 547, 558 (1993). More importantly, however, we should, where possible, avoid construction of a statute that would render any part of it meaningless, void, absurd, or self-contradictory. *Costello*, 252 Ill. App. 3d at 559, 561. Additionally, we should " 'liberally construe a right to appeal so as to permit a case to be considered on its merits.' [Citations.]" *Cox v. Board of Fire & Police Commissioners*, 96 Ill. 2d 399, 403 (1983). And we "should not find hypertechnical excuses to avoid deciding the merits of disputes, when no delay or harm was caused by the technical violation to any party." *Worthen v. Village of Roxana*, 253 Ill. App. 3d 378, 382 (1993).

■ As noted above, the Review Law requires an affidavit by the plaintiff designating the "last known address" of each defendant. Our supreme court has recognized that this affidavit is the means by which the clerk becomes aware of the defendant's address. *Carver*, 186 Ill. 2d at 558. It would be illogical to require the plaintiff to provide an address to the clerk that was improper to effect service. For that reason, we interpret the Review Law to permit service at the defendant's last known place of residence, principal place of business, or last known address as indicated in an affidavit from the plaintiff.

■ In this case, the record on appeal does not contain any such affidavit from the plaintiff, and we do not know whether any was ever filed because the parties have not addressed this issue. Consequently, we cannot find that service was proper under the strict mandates of the statute. We, therefore, turn to application of the good-faith exception.

As noted earlier our courts recognize a limited exception to the rule of strict compliance where the plaintiff makes a good-faith effort to comply with the Review Law. In *Cox*, 96 Ill. 2d at 404, for example, the Illinois Supreme Court reversed a dismissal where a summons was presented to the clerk on day 35, but was not issued until day 36 because it found that "the plaintiff acted with diligence in presenting to the clerk summonses which required only signatures and seals prior to service." See also *Piasa Motor Fuels, Inc. v. Department of Revenue*, 138 Ill. App. 3d 422, 427 (1985) (applying the good-faith exception where the "the delay in issuing summons was not [the plaintiff's] fault," but was due to a misplacement of the file in the clerk's office).

In *City National Bank & Trust Co. v. Illinois Property Tax Appeal Board*, 108 Ill. App. 3d 979 (1982), *aff'd*, 97 Ill. 2d 378 (1983), the appellate court explained the reason for the exception:

> "We thus conclude that it is the legislature's intention that if the complaint is filed within the 35-day period, and the plaintiff in good faith attempts to have the clerk issue summons within the same period, he is not deprived of his right to appeal on jurisdictional grounds." *City National Bank*, 108 Ill. App. 3d at 983.

In that case, the plaintiff did not prepare a summons but was told by the clerk that she would do so. The clerk did in fact issue the summons, but not within the 35-day period, as instructed by plaintiff and agreed to by the clerk. Thus, the court relaxed the 35-day period, finding that "the plaintiff-owner, in good faith, sought issuance of summons in accordance with the mandatory provisions of the statute and advised the clerk of the time limitation." *City National Bank*, 108 Ill. App. 3d at 983.

In *Azim v. Department of Central Management Services*, 164 Ill.

App. 3d 298, 299 (1987), the attorney for the plaintiff mailed the complaint to the clerk's office and to the defendants within 35 days of the mailing of the agency's decision, but the attorney failed to include the filing fee with the copy mailed to the clerk. A representative of the clerk's office called the attorney to advise him of the error. *Azim*, 164 Ill. App. 3d at 300. The attorney and clerk's representative agreed that the attorney would put the filing fee in the mail that day, and the complaint would be file stamped that day. *Azim*, 164 Ill. App. 3d at 300. The complaint was not file stamped that day, and the attorney's check for the filing fee was returned to him upon receipt by the clerk. *Azim*, 164 Ill. App. 3d at 300. The attorney then spoke with a supervisor at the clerk's office and was informed that his previous discussion and agreement with the clerk had been unauthorized and had not been honored. *Azim*, 164 Ill. App. 3d at 300. He mailed the filing fee again, and again it was returned to him. *Azim*, 164 Ill. App. 3d at 300. Finally, the attorney mailed the filing fee and a new copy of the complaint. *Azim*, 164 Ill. App. 3d at 300. This time the complaint was file stamped, 53 days after the administrative decision was mailed. *Azim*, 164 Ill. App. 3d at 300-01. The defendants were served with a file stamped copy of the complaint 74 days after the administrative decision was mailed. *Azim*, 164 Ill. App. 3d at 301. Over the defendants' objection, the court found that "the action was timely commenced and that the plaintiffs acted with diligence in securing issuance of summonses within the 35-day period provided for by the Administrative Review Law." *Azim*, 164 Ill. App. 3d at 303. Twice during its opinion, the court noted that the defendants actually and timely received copies of the complaint and that the defendants suffered no prejudice by the delay in file-stamping or receipt of formal summons. *Azim*, 164 Ill. App. 3d at 303.

In *Worthen*, the court applied the good-faith exception in the appeal of a decision by the Pollution Control Board (PCB). *Worthen*, 253 Ill. App. 3d at 379. The provision of the Illinois Environmental Protection Act (415 ILCS 5/41(a) (West 1992)) under which judicial review by the appellate court was sought was similar to the Review Law in that it required that the petition for review be filed within 35 days of the entry of the order being appealed and that the petition for review include as parties all parties of record in the administrative proceeding. *Worthen*, 253 Ill. App. 3d at 380-81. The petitioner failed to name the PCB as a party in the caption of its petition for review, but did serve the PCB with a copy of the petition when it served the other named defendants. *Worthen*, 253 Ill. App. 3d at 380. The PCB claimed that the court lacked jurisdiction to hear the petition for review. The appellate court disagreed, holding that the good-faith exception ap-

plied. *Worthen*, 253 Ill. App. 3d at 382. It described the petitioner's error as a "clerical error" and held, in part, that because the PCB was timely served with a copy of the petition for review, the court had jurisdiction over the petition for review. The court wrote:

> "Courts, as a general rule, should not find hypertechnical excuses to avoid deciding the merits of disputes, when no delay or harm was caused by the technical violation to any party." *Worthen*, 253 Ill. App. 3d at 382.

PRN and the Department cite several cases where courts have refused to apply the good-faith exception. However, those cases are distinguishable from this case. *Lockett v. Chicago Police Board*, 133 Ill. 2d 349, 356 (1990), for example, involved the failure to name and serve a party. In *Carver*:

> "[The plaintiff] did nothing but assume that the clerk's office would issue summons. She did not ask the clerk to issue summons, or even provide the clerk with the addresses of Commission members. Regarding the issuance of summons, she made no efforts whatsoever, much less those that could be considered diligent or made in good faith." *Carver*, 186 Ill. 2d at 560-61.

Similarly, in *Brazas*, the plaintiff took no affirmative step to have summons issued by the clerk. *Brazas*, 309 Ill. App. 3d at 531. Finally, in *Hanke v. Department of Professional Regulation*, 296 Ill. App. 3d 825, 829 (1998), the plaintiff made no effort to issue summons and "offered no explanation for the failure to issue summons."

■ Unlike those cases, the summons issued in this case was issued within the 35-day statutory period, and there is ample evidence that Burns made a timely, good-faith effort to comply with the Review Law in seeking judicial review. She did not simply rely on the clerk of the court or even on the *pro se* desk to accomplish what was needed. Instead, she appeared at the clerk's office, where she followed the clerk's advice and proceeded to the *pro se* desk for assistance in completing paperwork. There she presented the attendant with the last known address for PRN with regard to her claim for unemployment benefits. There is no evidence that she provided the address in bad faith; it was the address of PRN's designated agent before the Department. Likewise, the Decision itself listed this address for PRN. Further, unlike the cases cited by PRN, the summons in this case was served and resulted in PRN receiving actual, timely notice of the complaint for administrative review.

Regardless, PRN contends that we do not have authority to apply the good-faith exception in this case because our supreme court has limited it to instances where the clerk of the court made an error. The trial court agreed with PRN that good faith requires an error by the

clerk of the court. Thus, the parties and the circuit court gave substantial attention to the *pro se* help desk and whether Burns' reliance on the *pro se* help desk attendant's assistance constituted good faith. Particularly, they focused on whether the *pro se* help desk is equivalent to the clerk of the court. On appeal, PRN claims that the good-faith exception does not apply to mistakes made by the *pro se* attendant because those services, unlike the services of the clerk of the court, are sought out and obtained voluntarily. Thus, it contends that the services of the *pro se* attendant were within Burns' control, and any error made by the *pro se* attendant is attributable to her and does not constitute good faith. It argues that Burns should have made efforts to identify the proper address for service rather than simply assuming that the address listed on the Decision was a proper address for service.

We do not conclude that good faith is contingent upon a finding of error by the clerk of the court. The supreme court has not limited application of the exception solely to those cases in which an error was made by the clerk of the court. See, *e.g.*, *Carver*, 186 Ill. 2d at 559, quoting *Lockett*, 133 Ill. 2d at 355 (" 'In cases where the 35-day requirement has been relaxed, the plaintiffs had made a good-faith effort to issue summons within the statutory period. Nevertheless, due to some circumstance beyond their control, summons was not issued within the statutory period' "). Significantly, unlike the cases cited by the parties, this case does not involve a failure to timely issue summons or name necessary parties. It involves a claim that service, actually received by the proper party, was made at the wrong address. Thus, the question before us is one of first impression in this court, and our decision to apply the good-faith exception in this case does not overrule or modify the supreme court's decisions regarding the good-faith exception. Nor is it contrary to those decisions.

Importantly, in the cases where errors were committed by the clerk of the court and the courts applied the exception, the clerk's errors were not the only significant factors considered by the courts. And, as recognized above, mere reliance on the clerk is insufficient to constitute good faith. See *Brazas*, 309 Ill. App. 3d 520; *Carver*, 186 Ill. 2d 554. Instead, there must also be evidence that the plaintiff made an effort to have the summons issued. See *e.g.*, *Cox*, 96 Ill. 2d 399 (good-faith exception applied where plaintiff acted with diligence and presented summonses to the clerk that required only signatures and seals prior to service); *City National Bank*, 108 Ill. App. 3d 979 (good-faith exception applied where plaintiff instructed the clerk regarding the issuance and timing of the service of summons); *Azim*, 164 Ill. App. 3d 298 (good-faith exception applied where plaintiff sent

complaint to clerk, communicated with clerk regarding filing of complaint and issuance of summons, and sent copies of complaint to defendants). Thus, the primary basis for finding good faith excusing noncompliance appears to be both an effort by the plaintiff to effect service and a failure to strictly comply with the service requirements because of some factor beyond the plaintiff's control.

In this case, the Decision was mailed to Unemployment Consultants as PRN's designated agent. The regulations of the Department provide:

> "A person may designate an agent to receive his notices and decisions by filing the name and address of the agent with the Agency. In such cases, notice to the agent so designated is notice to the person. A person's designation of the agent shall remain in effect until the Agency receives a notice that the agency relationship no longer exists." 56 Ill. Adm. Code § 2720.5(c) (1996).

PRN argues that its designation of Unemployment Consultants pursuant to this provision did not authorize Unemployment Consultants to receive service of the summons on its behalf. It claims that Unemployment Consultants was designated as its agent for the very limited purpose of representing it in proceedings before the Department, not for representing it in civil lawsuits. Burns, on the other hand, claims that it was reasonable to conclude that by designating Unemployment Consultants as its agent for receiving notice in the administrative proceedings, PRN also authorized Unemployment Consultants as its agent for receiving service and notices in the appeal of the Decision.

Burns relies on *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95 (2002), in arguing that service upon Unemployment Consultants was proper. In *Sarkissian*, the supreme court considered whether the board of education was properly served with summons under the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 1—101 *et seq.*). *Sarkissian*, 201 Ill. 2d at 107. The Code provided that for " 'public, municipal, governmental or quasi-municipal corporations, summons may be served by leaving a copy *** with the president or clerk or other officer corresponding thereto.' " *Sarkissian*, 201 Ill. 2d at 107-08, quoting Ill. Rev. Stat. 1987, ch. 110, par. 2—211. The plaintiff served the board of education by leaving the summons with the receptionist of the board of education's attorney. *Sarkissian*, 201 Ill. 2d at 108. The court held that the board of education could delegate authority to accept service on its behalf. *Sarkissian*, 201 Ill. 2d at 113. It further held that service upon the receptionist was appropriate based upon the "custom and practice that had been in place for more than 20 years—whereby the receptionist of the law department was delegated the authority to accept service of summonses on behalf of the president." *Sarkissian*, 201 Ill. 2d at 115-16. It wrote:

"To allow the Board to acknowledge that service was made in accord with a procedure which it put in place for the 'accommodation' of the public, and then allow the Board to deny that proper service was made when the summons, though catalogued and processed in the appropriate fashion, later 'fell through the cracks,' would be unjust." *Sarkissian*, 201 Ill. 2d at 116.

Burns argues that her case presents a stronger set of circumstances for recognizing effective service upon a designated agent of the defendant than *Sarkissian* did. She claims, "[w]hile PRN's actions leading to the reasonable inference of agency may not have been going on for twenty years, those actions took place within the precise controversy at issue, and Ms. Burns in fact relied upon them to her detriment." We decline to decide whether the facts of this case are stronger than those in *Sarkissian* because, although Burns' agency argument is persuasive, it is unnecessary to decide since Burns' good-faith effort to comply with the Review Law and the Department's regulations, which create confusion as to the proper place of service, excuses any error in service.

*Bloom Township High School v. Illinois Commerce Comm'n*, 309 Ill. App. 3d 163 (1999), is instructive. In that case, the court considered a motion to dismiss a petition for judicial review of a decision by the Illinois Commerce Commission for failure to name all parties as required under Supreme Court Rule 335 (155 Ill. 2d R. 335). The petition at issue was a petition to the appellate court for direct review as authorized by the Public Utilities Act (220 ILCS 5/10—201 (West 1996)). *Bloom Township*, 309 Ill. App. 3d at 172-73. After the motion to dismiss was filed, the petitioners moved for leave to amend their petition, and Commonwealth Edison Company (ComEd), which had moved for dismissal, withdrew its motion. *Bloom Township*, 309 Ill. App. 3d at 172. Noting that it had "an affirmative duty to determine whether [its] jurisdiction had been properly invoked," the court addressed the merits of ComEd's motion, despite its withdrawal. *Bloom Township*, 309 Ill. App. 3d at 172. The court found that the petitioners failed to comply with the strict requirements of Rule 335 by failing to name all necessary parties. *Bloom Township*, 309 Ill. App. 3d at 173. The petitioners argued that their failure to name a necessary party and comply with Rule 335 "was neither intentional nor strategic but, rather, was due to the conflicting rules contained in section 200.890 of the Public Utilities Rules of Practice (83 Ill. Adm. Code § 200.890 (1996)) and Rule 335." *Bloom Township*, 309 Ill. App. 3d at 173. The court recognized that the requirement to name all necessary parties was mandatory rather than jurisdictional. *Bloom Township*, 309 Ill. App. 3d at 173. Thus,

finding that "[g]iven the confusion between section 200.890 [83 Ill. Adm. Code § 200.890 (1996)] and Rule 335 [155 Ill. 2d R. 335], and the fact that ComEd was properly served with notice of the petition, we believe that the petitioners acted in good faith," the court held that it had jurisdiction over the appeal. *Bloom Township*, 309 Ill. App. 3d at 173. Although *Bloom Township* did not involve the Review Law, it involved similar procedures for review of administrative decisions, and we find its reasoning sound and applicable under the circumstances of this case.

In this case, any failure to comply with the Review Law is at least partly attributable to the confusion between the Review Law's service requirements and the Department's regulations regarding designating agents for receipt of notice. As noted earlier, the Review Law allows service at the defendant's last known place of residence, principal place of business, or last known address as indicated in an affidavit from the plaintiff. Unemployment Consultants' address was the last known address Burns had for contacting PRN with regard to her claim. And PRN admits that it designated Unemployment Consultants to receive its notices with regard to Burns' claim in the Department, in accord with the Department's regulations. It never claims that it gave the Department notice that the agency relationship no longer existed. Consequently, under the Administrative Code, Unemployment Consultants was still authorized to receive notice regarding the Department proceedings. We conclude that it was reasonable for Burns to use the address on the Decision for service of summons. It was also reasonable for Burns to construe an appeal of the Decision as a part of those proceedings, especially since PRN never renounced its agency authorization. In total, Burns' actions indicate a good-faith effort to comply with two confusing and not entirely consistent provisions of law. Thus, as with the other good-faith cases discussed above, we find that Burns' error was a "clerical" one and beyond her control. Therefore, the circuit court erred in dismissing her complaint.

Significantly, summons was issued within 35 days and all necessary parties were named. The core issue before us is whether service upon PRN at the address of its designated agent in the administrative proceeding constitutes proper service or at least a good-faith attempt at proper service under the Review Law. We note that this is not a case where service was made at an address of a completely unrelated entity with no ties to the defendant who never forwarded the complaint and summons to the defendant. The party served was PRN's designated agent before the Department. PRN actually received the complaint and summons, and while this fact alone will not excuse

improper service, it is one factor that we may consider. See *Azim*, 164 Ill. App. 3d at 302-03.

Further, PRN has not shown that it suffered any prejudice as a result of service on it through Unemployment Consultants, and it appears it suffered none at all. See *Worthen*, 253 Ill. App. 3d at 382. Unemployment Consultants was the designated agent of PRN, which was authorized to receive notice on behalf of PRN with regard to Burns' claim before the Department. Unemployment Consultants was familiar with Burns' demand and the related administrative proceeding. It had received prior correspondence regarding Burns' claim in accord with PRN's request. And, upon receipt of the summons and complaint, it timely forwarded those documents to PRN, as is evidenced by the fact that PRN filed its objection to jurisdiction just 77 days after the Decision was mailed. Thus, the purposes of the Review Law's service requirements—hastening the procedure of appeal and avoiding undue delay—were served in this case. Because any error in service of the summons was not prejudicial and resulted from confusion created by the applicable statutes and administrative regulations, with which Burns made a good-faith effort to comply, the circuit court erred in dismissing Burns' complaint for review.

Finally, PRN contends that even if Burns' actions do fall within the good-faith exception, dismissal was proper because after Burns' error was pointed out to her, she never made any effort to correct it by serving PRN at its principal place of business. We find this argument unpersuasive. Burns made a good-faith effort to serve PRN by serving its designated agent, and at the time that PRN claims Burns should have attempted to serve it by alias summons, Burns still had a good-faith reason to believe her original summons was proper service upon PRN at the last known address of its designated agent. Thus, she had no reason to serve PRN again at a different address. Further, the address PRN provided in the affidavit attached to its Objection as its principal place of business was simply Oak Brook, Illinois. No street or number was part of the address. Thus, even if Burns had tried to serve PRN at this address, she would have been unsuccessful because of the inadequacy of the address.

Because Burns made a good-faith effort to have summons issued upon PRN in accordance with the Review Law, because the summons was issued and served on PRN at its last known address of record in the administrative proceeding, which address was the address of its designated agent pursuant to the Department's regulations, and because PRN actually received timely notice of the summons and

complaint, we reverse the circuit court's dismissal of Burns' complaint.

Reversed and remanded for further proceedings consistent with this opinion.

CAHILL and BURKE, JJ., concur.