THIRD DIVISION
December 10, 2008

No. 1-08-0139

THE BOARD OF EDUCATION OF BREMEN HIGH ) Appeal from
SCHOOL DISTRICT NO. 228, ) the Circuit Court
) of Cook County.
       Plaintiff-Appellant, )
)
  v. )
)
RICHARD C. MITCHELL, )
)
       Defendant-Appellee. )
) Case No. 07 L 50725
(The Board of Review of the Department )
of Employment Security; J. Hunt Bonan, as Chairman of )
the Board of Review; William J. Nolan and Stanley L. )
Drassler, Jr., as Members of the Board of Review; The )
Department of Employment Security; and James P. Sledge, )
as Director of the Department of Employment Security, ) Honorable
) Rita M. Novak,
       Defendants.) ) Judge Presiding.

     JUSTICE THEIS delivered the opinion of the court:

     Plaintiff Board of Education of Bremen High School District No. 228 (the Board) appeals

from an order dismissing its complaint for administrative review for lack of standing because it

was not the party of record in the administrative proceeding below. On appeal, the Board

contends that it was the proper plaintiff because, pursuant to the Illinois School Code (105 ILCS

5/1-1 *et seq.* (West 2006)) (School Code), a board of education is the body politic and corporate

authorized to employ defendant and to sue and be sued on behalf of a school district. In

response, defendant argues that Bremen High School District No. 228 (the School District) was the party of record in the proceedings below. Therefore, the School District was the only party authorized under the Administrative Review Law (735 ILCS 5/3-102 *et seq.* (West 2006)) to file a complaint for administrative review. We reverse and remand for further proceedings.

The essence of this appeal concerns the identity of the proper party to bring the complaint for administrative review. For the purpose of describing the facts of this case, we will use the neutral term "employer" to represent the Board and the School District interchangeably until we determine which party is authorized to file the complaint in the circuit court. However, where context requires, we will refer specifically to "Board of Education, Bremen Community High School District No. 228," or the Board, and "Bremen Community High School District No. 228," or the School District.

In March 2004, defendant Mitchell entered into an employment contract with "Board of Education, Bremen Community High School District No. 228" to serve as superintendent of "Bremen Community High School District No. 228." He was terminated in 2006 following a disciplinary action.

Defendant then filed a claim for unemployment benefits with the Department of Employment Security (Department). In his application for benefits, defendant identified the School District as his employer. Thereafter, all subsequent correspondence related to defendant's claim identified the School District as the employer. Defendant identified the Board as his supervisor and the entity that ultimately discharged him.

1-08-0139

A claims adjudicator for the Department determined that defendant was eligible to receive unemployment benefits. The Department sent a letter to the employer informing it of the benefits determination. The employer, through a third-party unemployment claims processing service, protested the benefits determination on behalf of the employer, asserting that defendant was ineligible for unemployment benefits because he was terminated for misconduct.

The employer filed an appeal and requested a hearing to review the benefits determination. The Department conducted a telephone hearing in which defendant testified on his behalf and Dr. David Corbin, an administrator, testified on behalf of the employer. During the hearing, Dr. Corbin testified that defendant was fired because he produced an offensive video that later aired on a television news broadcast. Defendant claimed that he was fired in retaliation for filing a discrimination lawsuit with the Illinois Human Rights Commission. He submitted a copy of that complaint, among other things, into evidence. The hearing referee affirmed the claims adjudicator's decision to award benefits to defendant. The employer then appealed the decision to the Department's Board of Review, which also affirmed the benefits award.

The Board then filed a complaint for administrative review in the circuit court. Defendant filed a motion to dismiss the complaint on the grounds that the Board was not a party to the proceedings below and had no standing to file the complaint. The circuit court found in favor of defendants and dismissed the complaint with prejudice. The Board now appeals.

On appeal, the Board argues that the circuit court erred in dismissing its complaint for lack of standing because, despite the fact that only the School District was a named party in the administrative proceedings below, the Board was defendant's employer and the only party that

could have brought the complaint for administrative review in the circuit court. It argues that under the School Code, a board of education has exclusive authority over all employment, supervisory, and termination decisions involving the superintendent. Moreover, a board of education is expressly authorized to sue and be sued in all judicial proceedings involving the school district. In contrast, the School Code does not define or assign functions to a school district. Rather, our courts have defined a school district as a geographical area that generally lacks the capacity to sue unless expressly authorized by statute to do so.

In response, defendant maintains that the School District participated as the party of record in the administrative proceedings, not the Board. Therefore, only the School District had standing to appeal the Department's decision. Defendant also contends that the Board forfeited its argument that it should have been named as the employer because it failed to raise the issue during the administrative proceedings below. Nevertheless, he argues, he correctly identified the School District as his employer because it was the entity that made unemployment insurance contributions to the Department.

This case puts us squarely at the intersection of the School Code (105 ILCS 5/1-1 *et seq.* (West 2006)), the Unemployment Insurance Act (820 ILCS 405/100 *et seq.* (West 2006)), and the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2006)). Ultimately, we must construe the relevant provisions of each of these acts to determine which entity was defendant's employer, which entity defendant should have named as his employer in his unemployment claim, and which entity should have brought the administrative review complaint.

A school district is a quasi-municipal corporation created by the state to act as its administrative arm in implementing the establishment of free schools. Board of Education, Joliet Township High School District No. 204 v. Board of Education, Lincoln Way Community High School District No. 210, 231 Ill. 2d 184, 203, ___ N.E.2d ___, ___ (2008). A quasi-municipal corporation possesses the same degree of power as a municipal corporation but lacks the same scope of political and legislative authority. People v. Deatherage, 401 Ill. 25, 44, 81 N.E.2d 581, 592 (1948); People ex rel. Leland v. Board of Education of City of Chicago, 325 Ill. 320, 322, 156 N.E. 305 (1927).

As a quasi-municipal corporation, a school district may only act through its agents and officials. See People ex rel. Birkett v. City of Chicago, 325 Ill. App. 3d 196, 204, 758 N.E.2d 25, 31 (2001). Our supreme court has explained that a school district is "the territory included within its corporate boundaries," whereas a board of education "furnishes the method and machinery for the government and management of the district." Board of Education of District No. 88, Cook County v. Home Real Estate Improvement Corp., 378 Ill. 298, 303, 38 N.E.2d 17, 20 (1941). See also Cooney v. Society of Mount Carmel, 75 Ill. 2d 430, 433, 389 N.E.2d 549, 551-52 (1979) (noting that a school district is a "geographical area," whereas a board of education is a "group of persons").

The School Code does not further define a school district or comment on the scope of its authority. However, it specifically designates the board of education as the governing body through which a school district operates. 105 ILCS 5/1-3 (West 2006); 105 ILCS 5/10-10 (West 2006) ("All school districts *** shall be governed by a board of education"). The board of

education possesses those powers expressly granted to it in the School Code as well as those implied powers necessary to effect them. 105 ILCS 5/10-20 (West 2006); Spinelli v. Immanuel Lutheran Evangelical Congregation, Inc., 118 Ill. 2d 389, 403, 515 N.E.2d 1222, 1228 (1987).

Of particular importance, the School Code gives a board of education exclusive jurisdiction over "all employment decisions pertaining to the superintendent," who operates under the direction of the board of education. 105 ILCS 5/10-16.7, 10-21.4 (West 2006). These provisions explicitly confer upon a board of education the power to hire, fire, and supervise superintendents. Daleanes v. Board of Education of Benjamin Elementary School District 25, Du Page County, 120 Ill. App. 3d 505, 511, 457 N.E.2d 1382, 1386 (1983).

A board of education also qualifies as an employing unit under the Unemployment Insurance Act. Section 204 of that Act defines an employing unit as "any individual or type of organization, including the State of Illinois, each of its political subdivisions and municipal corporations, and each instrumentality of *** the foregoing" which has had an individual in its employment. 820 ILCS 405/204 (West 2006). The Department's administrative rules adopt the statutory definition of employing unit as well. 56 Ill. Adm. Code §2720.1, as amended at 21 Ill. Reg. 12129, eff. August 20, 1997. As discussed above, a board of education is the instrumentality of a school district. See Lombard Public Facilities Corp. v. Department of Revenue, 378 Ill. App. 3d 921, 929-30, 881 N.E.2d 598, 606 (2008) (identifying an instrumentality of a governmental body as akin to an agent); see also Black's Law Dictionary 802 (7th ed. 1999) (defining "instrumentality" as "a means or agency through which a function of another entity is accomplished, such as a branch of a governing body."). Accordingly, under

the explicit authority of the School Code and the Unemployment Insurance Act, the Board is defendant's employer.

Defendant concedes that the Board has supervisory authority over him, but maintains that the Board is only his manager, not his employer. He argues that the School District alone may be considered an employing unit under the Unemployment Insurance Act because the contributions made to the Department for the purpose of paying unemployment benefits are drawn on checks bearing the School District's name as the payor. However, defendant provides us with no authority for using that criterion to determine the correct employer and we have found none.

On the contrary, the Board in fact makes all appropriations and disbursements on behalf of the School District. See, e.g., 105 ILCS 5/10-7 (West 2006) (requiring that all expenditures be voted on by the members of the board and their votes recorded); 105 ILCS 5/10-18 (West 2006) (requiring that every order for payment made by the board be in the form indicated); 105 ILCS 5/10-20.19 (West 2006) (imposing additional requirements on the board for the payment of certain orders). Therefore, we find defendant's argument unpersuasive.

Nevertheless, defendant contends, the School District was the party of record before the Department and is the only party with standing to seek administrative review, citing Ultsch v. Illinois Municipal Retirement Fund, 226 Ill. 2d 169, 179, 874 N.E.2d 1, 7-8 (2007). Additionally, defendant argues that to the extent the Board failed to raise the argument that it was the correct employer during the administrative proceedings, it is forfeited.

We must first note that all of the parties, including the Department, referred to the Board and the School District interchangeably throughout the proceedings below, which reflects a lack of precision in terminology rather than a fine distinction between the Board and the School District.[1]  For that reason, the Board admitted at oral argument that as a matter of custom and practice, it participated in resolving the merits of the unemployment benefits claim rather than objecting to the misnomer.

For its part, the Department's Board of Review indicated in its written decision that defendant "worked for a school district as its superintendent *** when he was discharged by an action taken by the Board."  It further described the warnings given and actions taken by the Board, or the absence thereof, in response to defendant's alleged misconduct.  It then concluded that the "employer" failed to demonstrate defendant's misconduct, without defining exactly who the employer was.[2]

Defendant displayed a similar inconsistency in identifying his employer.  For example, in his initial claim for unemployment benefits, defendant stated that his employer was the School District, while the Board was his supervisor and the entity that terminated him.  However, his

---

[1] We find a similar inconsistency in the existing case law involving the Department and the board of education or the school district.  See, e.g., Marzano v. Department of Employment Security, 339 Ill. App. 3d 858, 791 N.E.2d 1250 (2003) (naming Board of Education of Cicero School District No. 99 as a defendant in an unemployment matter); Itasca Public School District No. 10 v. Ward, 179 Ill. App. 3d 920, 535 N.E.2d 5 (1989) (naming the school district as the plaintiff in an unemployment matter).  However, the courts in those cases were not asked and did not offer opinions on the correct party to be named.

[2] We render no opinion on the conclusions of the Department's Board of Review as to the merits of defendant's claim.

1-08-0139

employment contract reveals that it was entered into by him and the Board. Additional evidence submitted by defendant acknowledges that the Board had exclusive statutory authority over his employment.

Because of the common and pervasive misunderstanding of who the employer was, we cannot say that the Board forfeited this argument, as defendant suggests. Ordinarily, any issue that is not raised before the administrative agency will be forfeited by the party that failed to raise it. Board of Education, Joliet Township High School District No. 204, 231 Ill. 2d at 205, ___ N.E.2d at ___. However, in this case, the identity of the correct employer was never clearly expressed. As we have described, the parties were inconsistent in identifying the employer among themselves. Additionally, the Department's Board of Review had no standard terminology for referring to the employer, as evidenced by the imprecise designations contained in its written decision. We cannot now permit defendant to prevail on his challenge to standing when he created and perpetuated the condition that he now objects to, however inadvertent it may have been. The provisions of the Administrative Review Law were not intended to be a trap for the unwary. Board of Education, Joliet Township High School District No. 204, 231 Ill. 2d at 205.

Turning to the merits of the argument, the Administrative Review Law offers little guidance on who may seek review of an administrative decision. However, we have previously said that a proper plaintiff must be a "part[y] of record whose rights, privileges, or duties are affected by the [administrative agency's] decision." Board of Education of Park Forest Heights

School District No. 163 v. State Teacher Certification Board, 363 Ill. App. 3d 433, 437, 842 N.E.2d 1230, 1233-34 (2006).

As we have discussed, the Board was the employing unit and had exclusive authority over all aspects of defendant's employment. 820 ILCS 405/204 (West 2006); 105 ILCS 5/10-16.7, 5/10-21.4 (West 2006). The Board terminated defendant for misconduct and was responsible for defending that decision before the Department. In fact, the Board is subject to certain liabilities arising directly out of its obligations under the School Code to properly employ, supervise, and terminate a superintendent. Daleanas, 120 Ill. App. 3d at 511, 457 N.E.2d at 1386.

In addition, the Board was adversely affected by the Department's decision to award unemployment benefits to defendant because that decision immediately impacted the amount of the Board's contributions to the Department. Carson Pirie Scott & Co. v. State of Illinois Department of Employment Security, 131 Ill. 2d 23, 28-30, 544 N.E.2d 772, 774-75 (1989). That is, the more an employing unit's former employees receive in unemployment benefits, the higher its contribution payment. Carson Pirie Scott & Co., 131 Ill. 2d at 28-29, 544 N.E.2d at 774-75. Moreover, it would continue to pay the increased contribution amount unless and until defendant's eligibility for benefits was reversed. Carson Pirie Scott & Co., 131 Ill. 2d at 30, 544 N.E.2d at 775. Therefore, the Department's decision had a direct and lasting effect on the Board's rights, privileges, and duties. Board of Education of Park Forest Heights School District No. 163, 363 Ill. App. 3d at 437, 842 N.E.2d at 1233-34.

However, the Board was not nominally a party of record. Although defendant correctly notes that we must strictly adhere to the requirements of the Administrative Review Law, we cannot allow a hypertechnical discrepancy to impede a decision on the merits of this dispute when no delay or harm was caused by the violation. Burns v. Department of Employment Security, 342 Ill. App. 3d 780, 787, 795 N.E.2d 972, 977 (2003).

First, we must note that the School Code expressly authorizes a board of education to sue and be sued in court proceedings. 105 ILCS 5/10-2 (West 2006). On the other hand, a school district lacks the capacity to sue in its own behalf unless specifically authorized to do so in the context of a companion statute. Board of Education of District No. 88, 378 Ill. at 306, 38 N.E.2d at 21; People ex rel. Birkett, 325 Ill. App. 3d at 204, 758 N.E.2d at 31. As we have discussed, the Unemployment Insurance Act does not specifically authorize a school district to proceed in its own name. Therefore, the School District could not have brought the complaint for administrative review

Additionally, given the extent of the Board's participation throughout defendant's employment dispute and the administrative proceedings that followed it, as well as defendant's direct engagement of the Board in those proceedings, there would be no delay or harm to defendant by allowing the complaint to proceed in the Board's name. During the employment dispute, the Board made all of the decisions involving defendant's termination. The evidence submitted to the Department indicates that when the Board learned of defendant's allegedly offensive behavior, it conducted an internal investigation. Upon conclusion of that investigation, the Board prepared a bill of particulars detailing the 12 charges against defendant. Defendant

then submitted a 47-page response to the Board urging its reconsideration. The Board held a public hearing and ultimately voted to terminate him. Defendant later negotiated with the Board to settle a pending lawsuit against it in exchange for a favorable press release and letter of recommendation upon his departure.

Moreover, during the administrative proceedings on defendant's claim for unemployment benefits, the Board received all notices sent by the Department and took advantage of every opportunity to be heard. The Board authorized its administrator to testify at that hearing, whom defendant's counsel then cross-examined. Its representative also cross-examined defendant during the administrative hearing. The Board also made the decisions and took the actions that the Department ultimately evaluated and that the circuit court will review. Accordingly, there will be no resulting delay or prejudice to either party, and thus, we must construe the Board's appeal in such a way that permits a resolution on the merits. Burns, 342 Ill. App. 3d at 787, 795 N.E.2d at 977.

The extent of the Board's involvement in this case also sets it apart from Board of Education of Center Cass School District No. 66 v. Sanders, 161 Ill. App. 3d 723, 515 N.E.2d 280 (1987), the opinion relied upon by the circuit court in dismissing the Board's complaint. In Sanders, the board of education of Center Cass School District (Cass) attempted to challenge the state superintendent's decision to consolidate two nearby school districts. Cass was not one of the districts being consolidated; however, the relevant School Code provision permitted a board of education of any school district "affected" by the consolidation to seek administrative review. Sanders, 161 Ill. App. 3d at 726, 515 N.E.2d at 282. Nevertheless, Cass did not appear at any of

the public hearings on the matter and, unlike the Board in this case, it did not object or present evidence of the impact of the administrative decision on it. Sanders, 161 Ill. App. 3d at 731, 515 N.E.2d at 285. Moreover, Cass failed to file a petition to intervene in the matter until after the consolidation had been granted. Therefore, it had no right to notice of any petitions filed in the consolidation proceedings. Sanders, 161 Ill. App. 3d at 731, 515 N.E.2d at 285. Under those circumstances, the court held that Cass was not affected by the administrative decision to consolidate the districts and had no other basis to assert standing; therefore, its complaint was dismissed. Sanders, 161 Ill. App. 3d at 731, 515 N.E.2d at 285.

The authority cited by defendant also is misplaced. He relies upon Ultsch, 226 Ill. 2d at 185-86, 874 N.E.2d at 11, and Veazey v. Baker, 322 Ill. App. 3d 599, 602, 749 N.E.2d 1060, 1062 (2001), among others, to support his contention that naming the incorrect party in a complaint for administrative review must result in dismissal. However, like much of the existing case law addressing standing under the Administrative Review Law, those cases involve specific provisions that address mandatory joinder of defendants. Ultsch, 226 Ill. 2d at 180-81, 874 N.E.2d at 8; 735 ILCS 5/3-103 (West 2006); 735 ILCS 5/3-107 (West 2006) ("the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants"). Those provisions ensure that all parties in the proceeding below are provided with notice of an administrative appeal and that the entities responsible for making the actual administrative decision appealed from are properly before the court so that their decisions may be reviewed and defended. See Ultsch, 226 Ill. 2d at

180-81, 189, 874 N.E.2d at 8, 13.  As we have discussed at length, those circumstances are not present in this case.

Accordingly, for the foregoing reasons, we reverse the circuit court's order dismissing the complaint for administrative review and remand for further proceedings.

Reversed and remanded.

MURPHY, P.J., and QUINN, J., concur.

THE BOARD OF EDUCATION OF
BREMEN HIGH SCHOOL DISTRICT NO. 228,

       Plaintiff-Appellant,

  v.

RICHARD C. MITCHELL,

       Defendant-Appellee.

(The Board of Review of the Department of Employment Security;
J. Hunt Bonan, Chairman of the Board of Review; William J. Nolan
and Stanley L. Drassler, Jr., as Members of the Board of Review;
The Department of Employment Security; and James P. Sledge,
as Director of the Department of Employment Security,

       Defendants.)

_____

**No. 1-08-0139**

**Appellate Court of Illinois**
**First District, Third Division**

**Filed: December 10, 2008**

**JUSTICE THEIS delivered the opinion of the court.**

**Murphy, P.J. and Quinn, J., concur.**

_____

**Appeal from the Circuit Court of Cook County**
**Honorable Rita M. Novak, Judge Presiding**

_____

| For PLAINTIFF-APPELLANT, | Raymond A. Hauser |
| | Christopher L. Petrarca |
| | Jane E. Li |
| | Hauser, Izzo, DeTella & Petrarca, LLC |
| | 19730 Governors Highway, Suite 10 |
| | Flossmoor, IL 60422 |
| | |
| For DEFENDANT-APPELLEE, | James P. Madigan |
| | Lamba Legal |
| | 11 E. Adams, Suite 1008 |
| | Chicago, IL 60603 |