# Illinois Official Reports

## Appellate Court

---

### *Twyman v. Department of Employment Security*, 2017 IL App (1st) 162367

---

| | |
|---|---|
| Appellate Court Caption | WAYDE TWYMAN, Plaintiff-Appellant, v. THE DEPARTMENT OF EMPLOYMENT SECURITY, THE DIRECTOR OF EMPLOYMENT SECURITY, THE BOARD OF REVIEW OF THE DEPARTMENT OF EMPLOYMENT SECURITY, and CHICAGO TRANSIT AUTHORITY CTA MERCHANDISE MART PLAZA c/o MSN, Defendants (The Department of Employment Security, the Director of Employment Security, and the Board of Review of the Department of Employment Security, Defendants-Appellees). |
| District & No. | First District, Fifth Division<br>Docket No. 1-16-2367 |
| Filed | March 31, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-L-50380; the Hon. Kay Marie Hanlon, and the Hon. James M. McGing, Judges, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Wayde Twyman, of Chicago, appellant *pro se*.<br><br>Lisa Madigan, Attorney General, of Chicago (David L. Franklin, Solicitor General, and Bridget DiBattista, Assistant Attorney General, of counsel), for appellees. |

Panel                                    PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion.
Justices Hall and Reyes concurred in the judgment and opinion.

## OPINION

¶ 1       Plaintiff Wayde Twyman appeals the trial court's grant of defendant's motion to dismiss for lack of subject matter jurisdiction. The trial court dismissed plaintiff's complaint because plaintiff failed to file it within 35 days after service of a decision by the Board of Review of the Department of Employment Security (Board). In his complaint, plaintiff had sought review of a final decision by the Board denying him unemployment benefits.

¶ 2       For the following reasons, we affirm the dismissal.

¶ 3                           BACKGROUND

¶ 4       On June 9, 2016, plaintiff filed a *pro se* complaint in the trial court seeking review of a decision issued by the Board on May 3, 2016. Plaintiff filed this complaint pursuant to the Administrative Review Law (Law) (735 ILCS 5/3-101 *et seq.* (West 2014)). In the complaint, he alleged that he had been employed with the Chicago Transit Authority (CTA), which had been a party of record to the proceedings.

¶ 5       The Board's decision was attached as an exhibit to the complaint, and it stated that it had been mailed to plaintiff on May 3, 2016. The decision stated in relevant part:

"This is an appeal by the claimant from a Referee's decision dated 02/23/2016, which affirmed the claims adjudicator's determination and held that pursuant to 820 ILCS 405/602A, the claimant is not eligible for benefits from 12/06/2015. ***

We have reviewed the record of the evidence in this matter, including the transcript of the testimony submitted at the hearing conducted by telephone on 02/22/2016, at which the claimant and employer appeared and testified. ***

The record discloses that the claimant was employed by the employer as a bus operator until December 10, 2015, when the claimant was discharged by the employer due to the claimant's excessive absenteeism.

The claimant was last warned by the employer due to the claimant's excessive absenteeism on November 26, 2015.

The claimant was scheduled to work on November 26, 2015.[1] The claimant was a no call/no show on November 26, 2015 *** due to the claimant assuming the claimant was not scheduled to work that day."

¶ 6       The Board found that plaintiff was afforded a full and fair hearing by the referee and was discharged for misconduct connected with work. As a result, the Board concluded that plaintiff was not eligible for unemployment benefits and it affirmed the decision of the referee.

¶ 7       The Board's decision advised plaintiff of his appeal rights, stating:

"Notice of rights for further review by the courts:

---

[1]Thursday, November 26, 2015, was Thanksgiving.

If you are aggrieved by this decision and want to appeal, you must file a complaint for administrative review and have summons issue in [the] circuit court within 35 days from the mailing date, 5/03/2016."

Thus, the Board's decision advised plaintiff that, in order to appeal, he "must" both (1) "file a complaint for administrative review" and (2) "have summons issue in [the] circuit court." The decision also told him that he "must" take these actions "within 35 days from the mailing date, 5/03/16." There is no dispute on this appeal that 35 days from May 3, 2016, was Tuesday, June 7, 2016.

¶ 8 However, plaintiff filed his *pro se* complaint on Thursday, June 9, 2016, in the trial court. On June 22, 2016, defendant CTA filed an appearance with the trial court; and on July 6, 2016, defendants Department of Employment Security, Director of Department of Employment Security, and the Board (collectively referred to as the state defendants) also filed an appearance.

¶ 9 On July 6, 2016, the state defendants filed a motion to dismiss pursuant to section 2-619(a)(5) of the Code of Civil Procedure (Code) claiming a lack of subject matter jurisdiction. 735 ILCS 5/2-619(a)(5) (West 2014) (providing for dismissal when "the action was not commenced within the time limited by law"). The state defendants moved to dismiss on the ground that "[t]he last day on which plaintiff might have filed a complaint for administrative review of said decision was Tuesday, June 7, 2016," and plaintiff did not file until "Thursday, June 9, 2016," which was "2 days after the statutory period within which to file the complaint expired." See 735 ILCS 5/3-102 (West 2014) ("Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review."); 735 ILCS 5/3-103 (West 2014) ("Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party ***.").

¶ 10 On July 20, 2016, the trial court issued an order, which is the subject of this appeal, so we repeat it here in full:

"This matter comes before This Court for a hearing on the state defendants' motion to dismiss for lack of subject matter jurisdiction, plaintiff appearing *pro se*. The state defendants and employer defendant appearing through respective counsel. The Court being fully advised in the premises,

IT IS HEREBY ORDERED:

1) The state defendants' motion to dismiss for lack of subject matter jurisdiction is granted.

2) Plaintiff's complaint is hereby dismissed with prejudice."

¶ 11 On July 20, 2016, plaintiff moved to vacate the trial court's order; and the trial court set plaintiff's motion for a hearing on August 24, 2016. On August 24, the trial court issued an order which states in its entirety: "Plaintiff's motion to vacate is denied."

¶ 12 On August 24, 2016, plaintiff filed a notice of appeal, which stated:

"I want [to] make a new law. The 35 days should be stayed. I have proof that I did respond to denial in phone hearing as I did in prior phone hearings and the Instructions should be Bold."

¶ 13    In his appellate brief, plaintiff states the grounds for his appeal in one short page, which we provide here in full:

> "This is a respectful request to have a day in court to present evidence of an unjustified vacate order of [plaintiff's] job at the [CTA].
>
> After receiving a denial via phone on January 8, 2016, [plaintiff] appealed it and was issued another on February 22, 2016. Upon receiving a second denial via phone at the second hearing on 2/22/2016, [plaintiff] (immediately) appealed the vacate order.[2]
>
> A determination letter was received on May 3, 2016, yet [plaintiff] was unaware of the 35 day requirement to request a court appearance, after sending a request to appeal the decision on May 4, 2016 via a handwritten letter (Exhibit A), [and] a typed letter (Exhibit B) with proof via a fax confirmation (Exhibit C).
>
> [Plaintiff] requests a day in court to present the facts of these unjust actions at the CTA in their failed attempt to execute an unjustifiable vacate order of his job, after over 15 years of faithful service with the City of Chicago."

Plaintiff included in his appellate brief copies of the documents which he described above. However, these documents are not a part of the appellate record.

¶ 14                                              ANALYSIS

¶ 15    As noted, plaintiff appeals the trial court's dismissal of his complaint for lack of subject matter jurisdiction, when his complaint was not filed within a statutorily required 35-day time period.

¶ 16    On this appeal, plaintiff does not dispute that he received a determination letter which stated the 35-day filing requirement. In his brief, plaintiff stated: "A determination letter was received on May 3, 2016, yet [plaintiff] was unaware of the 35 day requirement to request a court appearance ***."

¶ 17    Plaintiff sets forth two grounds on this appeal: (1) that he was "unaware of the 35 day requirement" although he received the letter and (2) that he sent "a request to appeal the decision on May 4, 2016 via a handwritten letter (Exhibit A), [and] a typed letter (Exhibit B) with proof via a fax confirmation (Exhibit C)."

¶ 18                                    I. Section 2-619 Dismissal

¶ 19    The trial court dismissed the complaint pursuant to section 2-619(a)(5) of the Code which provides for dismissal because "the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2014).

¶ 20    "A motion to dismiss pursuant to section 2-619 of the Code admits the legal sufficiency of the plaintiff's complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiff's claim." (Internal quotation marks omitted.) *Trzop v. Hudson*, 2015 IL App (1st) 150419, ¶ 63. "For a section 2-619 dismissal, our standard of review is *de novo*." *Trzop*, 2015 IL App (1st) 150419, ¶ 63. "*De novo* review means that we will perform the same analysis a trial court would perform." *Trzop*, 2015 IL App (1st) 150419, ¶ 63. "Under the *de novo* standard of review, this court owes no deference to the trial court." (Internal quotation

---

[2]In this quote, the bracketed information has been added. However, the parentheses are in the original.

marks omitted.) *Trzop*, 2015 IL App (1st) 150419, ¶ 63. "In ruling on a section 2-619 motion to dismiss, the court must interpret the pleadings and supporting materials in the light most favorable to the nonmoving party." *Trzop*, 2015 IL App (1st) 150419, ¶ 63.

¶ 21    For a motion to be properly brought under section 2-619, the motion (1) must concern one of nine listed grounds and (2) must be filed within the time for pleading. *Wilson v. Molda*, 396 Ill. App. 3d 100, 105 (2009); *River Plaza Homeowner's Ass'n v. Healey*, 389 Ill. App. 3d 268, 275 (2009).

¶ 22    The Code provides that a section 2-619 may be brought on one of only nine listed grounds. 735 ILCS 5/2-619(a)(5) (West 2014). One of these grounds is that "the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2014). Thus, the state defendants have satisfied the first requirement for a section 2-619 motion.

¶ 23    However, for a section 2-619 motion to be properly brought, it must not only concern a listed ground, but it must also be filed "within the time for pleading." 735 ILCS 5/2-619(a) (West 2014); *Trzop*, 2015 IL App (1st) 150419, ¶ 67. The purpose of a section 2-619 motion is to dispose of issues of law and easily proved issues of fact at the onset of the litigation. *Trzop*, 2015 IL App (1st) 150419, ¶ 67. Generally, defendants are required to file an answer or otherwise appear within 30 days after service. Ill. S. Ct. R. 101(d) (eff. Jan. 1, 2016). In the case at bar, the state defendants filed their motion to dismiss on July 6, 2016, which was less than 30 days after plaintiff filed his complaint.

¶ 24    In addition, since the record does not disclose that plaintiff claimed either at the trial level or on this appeal that the state defendants failed to file their section 2-619 motion within the time for pleading, any issue regarding the timeliness of the state defendants' filing has been waived for our consideration. *Wilson*, 396 Ill. App. 3d 100 (where plaintiff fails to raise any timeliness issue with respect to a section 2-619 motion, that issue is waived for consideration on appeal).

¶ 25    Thus, the state defendants have satisfied the two requirements for filing a section 2-619 motion.

¶ 26                              II. Plaintiff's Complaint

¶ 27    Plaintiff asks this court to reverse the trial court, first, because he was unaware of the 35-day filing requirement and, second, because he satisfied it by allegedly faxing a letter to the Board.

¶ 28    Our supreme court "has held that administrative review actions, whether taken to the circuit court or directly to the appellate court, involve the exercise of 'special statutory jurisdiction.' " *ESG Watts, Inc. v. Pollution Control Board*, 191 Ill. 2d 26, 30 (2000) (quoting *McGaughy v. Illinois Human Rights Comm'n*, 165 Ill. 2d 1, 6-7 (1995) (appellate court), and *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 210-11 (1985) (circuit court)). "When a court is exercising special statutory jurisdiction, the language of the act conferring jurisdiction delimits the court's power to hear the case." *ESG Watts*, 191 Ill. 2d at 30. "A party seeking to invoke special statutory jurisdiction," such as plaintiff in the case at bar, " 'must strictly adhere to the proscribed procedures' in the statute." *ESG Watts*, 191 Ill. 2d at 30 (quoting *McGaughy*, 165 Ill. 2d at 12).

¶ 29    Section 3-102 of the Law makes the same point: "Unless review is sought of an administrative decision *within the time* and *in the manner* herein provided, the parties to the

proceeding before the administrative agency *shall be barred* from obtaining judicial review." (Emphases added.) 735 ILCS 5/3-102 (West 2014).

¶ 30    Section 3-103 of the Law specifies the time and manner of review, as follows: "Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party ***." 735 ILCS 5/3-103 (West 2014).

¶ 31    The decision mailed to plaintiff recited the same manner and timing that is specified in section 3-103. As noted above, the Board's decision advised plaintiff that, in order to appeal he "must" both (1) "file a complaint for administrative review" and (2) "have summons issue in [the] circuit court." The decision also told him that he "must" take these actions "within 35 days from the mailing date, 5/03/16," which was Tuesday, June 7, 2016.

¶ 32    Section 3-102 provides for a limited exception: "If under the terms of the Act governing the procedure before an administrative agency an administrative decision has become final because of the failure to file any *** application for administrative review within the time allowed by such Act, such decision shall not be subject to judicial review hereunder *excepting* only for the purpose of questioning the jurisdiction of the administrative agency over the person or the subject matter." (Emphasis added.) 735 ILCS 5/3-102 (West 2014). In this appeal, plaintiff does not question "the jurisdiction of the administrative agency over the person or the subject matter." 735 ILCS 5/3-102 (West 2014). Thus, this exception does not aid plaintiff.

¶ 33    Plaintiff does not provide any case law to support his argument that we may excuse his untimely filing due to his alleged ignorance of the 35-day requirement or his alleged faxing of a letter to the board within 35 days. As the state defendants observe, this court has repeatedly held that a plaintiff waives a point by failing to offer either supporting legal authority or reasoned argument for an extension or modification of existing authority. *E.g.*, *Lozman v. Putnam*, 379 Ill. App. 3d 807, 824 (2008) (citing numerous cases in support).

¶ 34    As the state defendants also observe, despite the mandatory nature of the Law, appellate courts have sometimes applied a good-faith exception. For example, in *Beggs v. Board of Education of Murphysboro Community Unit School District No. 186*, 2015 IL App (5th) 150018, ¶¶ 1-3, a plaintiff filed a complaint for administrative review, but she used a former address of the Board rather than its current address, and she failed to correctly name the Board's president. Nonetheless, the summons with the complaint was ultimately routed to and signed as received by a Board employee within the prescribed time period. *Beggs*, 2015 IL App (5th) 150018, ¶¶ 3, 4 ("the trial court found that the Board's receipt of the original summons was within the requisite time period prescribed by the Act"). Despite proof of actual receipt within the prescribed time period, the Board moved to dismiss on the ground that the plaintiff's failure to serve the Board at its proper address and upon the designated president within the proscribed period did not strictly comply with the Law's procedural requirements and thus required dismissal. *Beggs*, 2015 IL App (5th) 150018, ¶ 3.

¶ 35    The appellate court rejected the Board's argument, stating that, "because the 35-day period for issuance of summons is mandatory, not jurisdictional, failure to comply with the provision does not automatically deprive the court of jurisdiction in the instant case." *Beggs*, 2015 IL App (5th) 150018, ¶ 7; *Burns v. Department of Employment Security*, 342 Ill. App. 3d 780, 786 (2003) ("Unlike some other requirements under the [Administrative Review] Law, the 35-day

- 6 -

period for issuance of summons is mandatory, not jurisdictional. Thus, failure to comply with the provision does not automatically deprive the court of jurisdiction."). The *Beggs* court then found that plaintiff had made a good-faith effort to comply, stating: "our courts have recognized a narrow exception to dismissal in cases where the plaintiff has made a good-faith effort to comply." *Beggs*, 2015 IL App (5th) 150018, ¶ 7 (citing *Burns*, 342 Ill. App. 3d at 787); see also *Burns*, 342 Ill. App. 3d at 795-96 (reversing dismissal of plaintiff's complaint where plaintiff had made a good-faith effort).

¶ 36    Unlike *Beggs*, the appellate record in the case at bar contains no evidence of an attempt by plaintiff to serve the Board in any fashion within the 35-day time period. Even if we were to accept his assertion in his appellate brief that he faxed a letter to the Board, we could not find that a faxed letter represents a good-faith attempt to serve a summons and complaint. A letter is not a complaint and summons. Ill. S. Ct. R. 101 (eff. Jan. 1, 2016); R. 102 (rules governing the form and service of a summons and complaint).[3] This is particularly true when the appellate record contains no acknowledgement of actual receipt during the 35-day period, as was the case in *Beggs*. The advantage of following the rules is that then we, the courts, have proof of service within the proscribed time period. Ill. S. Ct. R. 102(d). Here, we have none.

¶ 37    Thus, whether the 35-day requirement is mandatory or jurisdictional, as the state defendants argue, dismissal was warranted.[4]

¶ 38    However, we are mindful, as we have stated in a prior unemployment benefits case, that we " 'should not find hypertechnical excuses to avoid deciding the merits of disputes, when no delay or harm was caused by the technical violation to any party.' " *Burns*, 342 Ill. App. 3d at 787 (quoting *Worthen v. Village of Roxana*, 253 Ill. App. 3d 378, 382 (1993)). In the case at bar, the state defendants suffered no harm from plaintiff's two-day delay in filing.

¶ 39    Even if we were to consider the merits of plaintiff's underlying claims, we would still be forced to find that dismissal was warranted. Reviewing courts apply different standards of review to the Board's decision depending on whether the question presented is one of fact or law. *Pesoli v. Department of Employment Security*, 2012 IL App (1st) 111835, ¶ 20 (citing *City of Belvidere v. Illinois State Labor Relations Board*, 181 Ill. 2d 191, 204 (1998)). When reviewing the Board's findings of fact, we deem those findings *prima facie* correct, and we will reverse only if they are against the manifest weight of the evidence. *Pesoli*, 2012 IL App (1st) 111835, ¶ 20 (citing *Abbott Industries, Inc. v. Department of Employment Security*, 2011 IL

---

[3]For example, Illinois Supreme Court Rule 101(a) (eff. Jan. 1, 2016) provides: "The summons shall be issued under the seal of the court, tested in the name of the clerk, and signed with his name. It shall be dated on the date it is issued, shall be directed to each defendant, and shall bear the information required by Rule 131(d) for the plaintiff's attorney or the plaintiff if not represented by an attorney."

[4]We do not need to decide whether the 35-day requirement is jurisdictional or mandatory in order to affirm the dismissal in this case, and thus, we decline to address this issue. The state defendants cite Illinois Supreme Court cases stating that, if the statutorily prescribed procedures are not followed, no jurisdiction is conferred on the circuit court. *E.g.*, *Slepicka v. Illinois Department of Public Health*, 2014 IL 116927, ¶ 34 (citing *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 210 (1985)). However, there are also appellate court cases decided after these cases which state that the 35-day rule is mandatory not jurisdictional and which apply a good faith exception. *E.g.*, *Beggs*, 2015 IL App (5th) 150018, ¶ 7; *Burns*, 342 Ill. App. 3d at 786-87. As previously stated, we do not need to resolve the issue of whether the 35-day requirement is jurisdictional or mandatory in order to affirm the dismissal here.

App (2d) 100610, ¶ 15). By contrast, when our review of the Board's decision to deny unemployment insurance benefits involves a mixed question of law and fact, we employ a clearly erroneous standard, which is less deferential to the Board than the manifest weight of the evidence standard. *Petrovic v. Department of Employment Security*, 2016 IL 118562, ¶ 21. A mixed question of law and fact requires a court to determine the legal effect of a given set of facts. *Petrovic*, 2016 IL 118562, ¶ 21.

¶ 40    In the case at bar, plaintiff's underlying claim raises an issue of fact, namely, one of credibility. He does not dispute that he was a no-show without a call on Thanksgiving; rather, he claims that he was under the impression that he was not scheduled to work on that day. Neither his employer nor the referee accepted this statement. Upon appeal to the Board, the Board held a hearing, at which it heard from both sides, and it also was not persuaded by plaintiff's testimony. Absent any evidence in the record to support plaintiff's claim except for his own statement, we defer to the Board's credibility findings since we lack the ability, as it did, to hear from the witnesses first hand. *Pesoli*, 2012 IL App (1st) 111835, ¶ 26 ("It is the Board's responsibility to weigh the evidence, evaluate the credibility of the witnesses and resolve conflicts in testimony."); see also *Hurst v. Department of Employment Security*, 393 Ill. App. 3d 323, 329 (2009); *Caterpillar, Inc. v. Doherty*, 299 Ill. App. 3d 338, 344 (1998).

¶ 41    Having now considered every possible reason to rule in plaintiff's favor, we have no choice but to affirm the dismissal of his complaint.

¶ 42                                          CONCLUSION

¶ 43    For all of the foregoing reasons, we affirm the trial court's dismissal of plaintiff's complaint.

¶ 44    Affirmed.