2024 IL App (1st) 221812-U

No. 1-22-1812

Order filed June 6, 2024

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| LOUISE DEBERRY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 M1 450176 |
| | ) | |
| THE ILLINOIS DEPARTMENT OF EMPLOYMENT | ) | |
| SECURITY; THE BOARD OF REVIEW OF THE | ) | |
| ILLINOIS DEPARTMENT OF EMPLOYMENT | ) | |
| SECURITY; RAY MARCHIORI, ACTING DIRECTOR | ) | |
| OF EMPLOYMENT SECURITY; MEREDITH | ) | |
| BUCKLEY, CHAIRMAN; ELBERT WALTERS III, | ) | |
| BOARD MEMBER; MARIA G. PEREZ, BOARD | ) | |
| MEMBER; THE CHICAGO BOARD OF EDUCATION; | ) | |
| CHICAGO PUBLIC SCHOOLS, INC., | ) | Honorable |
| | ) | Daniel P. Duffy, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford and Justice Ocasio concurred in the judgment.

**ORDER**

¶ 1 *Held*:     Circuit court did not err in dismissing action for administrative review, where plaintiff failed to have summons issued by the statutory deadline and there was no evidence she made a good faith effort to do so.

¶ 2     Plaintiff Louise DeBerry appeals *pro se* from an order of the circuit court denying her motion to reconsider the court's order dismissing her administrative review action for her failure to have summons issued within the period prescribed by the Administrative Review Law (735 ILCS 5/3-101 *et seq*. (West 2022)).[1] That action challenged the decision of the Board of Review (Board) of the Illinois Department of Employment Security (Department) affirming the Department's decision that she was ineligible for benefits under the Unemployment Insurance Act (Act) (820 ILCS 405/100 *et seq*. (West 2022)). On appeal, plaintiff contends that she acted in good faith and with diligence to notify the Department and her employer, Chicago Public Schools, Inc. ("CPS"), of her administrative review action so that the dismissal was fundamentally unfair. We affirm.

¶ 3     Plaintiff had been employed by CPS until she was suspended in September 2019. She applied to the Department for benefits under the Act in November 2020. She disputed whether CPS terminated her and alleged that she had not received benefits since her suspension.[2]

---

[1] Pursuant to section 2-1008(d) of the Illinois Code of Civil Procedure (735 ILCS 5/2– 1008(d) (West 2022)) we have amended the caption to reflect the name of the current Acting Director of Employment Security.

[2] Plaintiff's challenge to CPS's decision proceeded separately from her application to the Department, and this court has affirmed the dismissal of her unfair labor practice charge. See *DeBerry v. Illinois Educational Labor Relations Board*, 2021 IL App (1st) 201127-U.

¶ 4      In December 2020, a Department claims adjudicator found plaintiff ineligible for benefits under the Act. Plaintiff appealed from that decision in May 2021, but in June 2021 a Department referee dismissed her appeal as untimely. Plaintiff appealed the referee's decision to the Board, which affirmed that decision in November 2021.

¶ 5      In December 2021, plaintiff filed a complaint in the circuit court for administrative review of the Board's decision. She claimed that the Department's appeal procedures changed during the pandemic, she and the Department communicated about appealing the claims adjudicator's decision from December 2020 through May 2021, and the Department did not clearly explain how to appeal. Plaintiff attached a "Certificate of Filing and Proof of Service" asserting that she "served" the complaint on the Department and CPS "via email and prepaid mail" on December 20, 2021.

¶ 6      In May 2022, plaintiff filed a motion seeking a hearing date and an order that the Department file the administrative record. The court continued the case for a month to address the status of service of process. On June 2, 2022, plaintiff had summons issued for the Board and CPS. The Sheriff served the Board and the Department, and the Board entered an appearance. In midJune 2022, the case was continued again for status of service. In late June 2022, the sheriff returned the summons for CPS as unserved.

¶ 7      In August 2022, the Department and Board filed a motion to dismiss for want of prosecution, noting that plaintiff filed her complaint in December 2021 but did not have summons issued until June 2022. The motion also claimed that not all defendants had been served and that plaintiff did not attend the July 2022 status hearing.

¶ 8      In September 2022, the circuit court issued a written order granting the motion to dismiss for plaintiff's failure to comply with section 3-103 of the Administrative Review Law (735 ILCS 5/3-103 (West 2022)) requiring summons be issued upon a complaint for administrative review within 35 days of service of the administrative decision. The court noted that its docket showed no issuance of summons when the case was filed, the case lay dormant until plaintiff's May 2022 motion for a hearing date, and CPS had not been served. The court found that, while a case would not be dismissed if there was a good faith effort to timely issue summons, simply not requesting issuance of summons for several months was not sufficient despite plaintiff's *pro se* status. The order included a finding that it was final and appealable, and the court ordered the refunding to plaintiff of her June 2022 fee for service of process.

¶ 9      Plaintiff timely filed, and later amended, a motion for reconsideration. She claimed that a circuit court clerk told her "they would take care of the summons because [plaintiff] had already paid for it with the filing fee." Plaintiff alleged that the clerk "consistently insisted that they are not required to send the summons and complaint via certified mail," and there were "several attempts to the clerk of court to send the summons and complaint via certified [mail] as the clerk of court directed [plaintiff] to take the complaint and summons to the sheriff's office which required a $60 fee for each one." Plaintiff argued that she "tried to handle this matter over the phone while considering the limited in person contact due to COVID 19 which is related to the delay." She argued that attempted service on CPS at its last known address where the Department successfully served it should qualify as a good faith effort. Lastly, plaintiff claimed that she missed the July 2022 status hearing because she thought it was scheduled for a different day.

¶ 10     Attached to plaintiff's reconsideration motion as amended was a copy of her receipt from the Sheriff from June 2, 2022, for service of summons on two defendants.

¶ 11    The court denied the reconsideration motion in November 2022, and this appeal followed.

¶ 12    On appeal, plaintiff contends that the dismissal of her administrative review action and denial of reconsideration were erroneous because she acted in good faith and with diligence and the dismissal was fundamentally unfair.

¶ 13    As a threshold matter, we address our jurisdiction in light of the circuit court's dismissal of plaintiff's action on a motion to dismiss for want of prosecution. *Nwaokocha v. Illinois Department of Financial & Professional Regulation*, 2018 IL App (1st) 162614, ¶ 41 (we have an independent duty to consider our jurisdiction). The Department and Board argue that the dismissal was with prejudice because any refiled administrative review action would be barred by section 3103 of the Administrative Review Law (735 ILCS 5/3-103 (West 2022)) providing that an administrative review complaint must be filed within 35 days of service of the administrative decision being appealed. We agree. See also *id*. § 3-102 (plaintiff cannot refile administrative review action after dismissal for want of prosecution). We find that we have jurisdiction over this appeal from a final order.

¶ 14    Our review of an order granting a motion to dismiss is *de novo*. *Mosby v. Ingalls Memorial Hospital*, 2023 IL 129081, ¶ 29. In reviewing the disposition of a motion to reconsider, we review *de novo* if the motion alleged misapplication of existing law, while we review for abuse of discretion if the motion presented new evidence, facts, or legal theories. *In re Commonwealth Edison Co. Illinois Consumer Fraud Litigation*, 2023 IL App (1st) 220105, ¶ 19. An abuse of discretion occurs if the circuit court's ruling is arbitrary or fanciful or if no reasonable person would adopt the court's view. *Brown v. Illinois State Police*, 2021 IL 126153, ¶ 49.

¶ 15    The Act provides that decisions of the Board are subject to judicial review under the

Administrative Review Law. See 820 ILCS 405/1100 (West 2022). The Administrative Review Law provides that, "[u]nless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." 735 ILCS 5/3-102 (West 2022).

¶16     Under the Administrative Review Law, "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint *and the issuance of summons within 35 days* from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision." (Emphasis added.) *Id.* § 3-103.

¶ 17     While the issuance of summons within 35 days is not jurisdictional, it is mandatory, and a case will be dismissed for failure to issue summons within 35 days unless the appellant acted in good faith to have summons issued within that period. *Burns v. Department of Employment Security*, 342 Ill. App. 3d 780, 786-88 (2003). As the purpose of the 35-day requirement is to expedite administrative review and avoid undue delay, the good faith exception is narrow: the appellant must have made good faith efforts to have summons issued within 35 days, but summons was not issued within that period due to circumstances beyond the appellant's control. *Palos Bank & Trust Co. v. Illinois Property Tax Appeal Board*, 2015 IL App (1st) 143324, ¶ 17.

¶ 18     Here, it is undisputed that plaintiff did not have summons issued upon her December 2021 complaint for administrative review until June 2, 2022. Immediately after filing the complaint, she sent copies by mail and email to defendants, but that is not a good faith effort to have *summons* issued as section 3-103 of the Administrative Review Law requires. *Twyman v. Department of Employment Security*, 2017 IL App (1st) 162367, ¶ 36 (there was no good faith effort when an

appellant made no attempt to have summons issued within the 35-day period, and an attempt at service or notice other than issuing summons is not a good faith effort to issue summons).

¶19 Plaintiff claims she was told by a court clerk "that they would handle the summons part." She presented this assertion to the circuit court in her reconsideration motion, where she argued that the dismissal was erroneous due to a factual matter she was bringing to the court's attention: the court clerk's alleged statement. As noted, we review the disposition of a reconsideration motion based on new evidence or facts for abuse of discretion. *In re Commonwealth Edison Co. Illinois Consumer Fraud Litigation*, 2023 IL App (1st) 220105, ¶ 19. Our supreme court has rejected the proposition that a plaintiff's "assumption that the circuit court clerk would issue summons constitutes a 'good-faith effort' to comply with the" Administrative Review Law. *Carver v. Nall*, 186 Ill. 2d 554, 559-60 (1999) (*overruled on other grounds*, *Nudell v. Forest Preserve District of Cook County*, 207 Ill. 2d 409 (2003)). While we understand plaintiff's claim to be that she was *told* the clerk would issue the summons, we cannot conclude, under these circumstances and given this record, that the court acted in an arbitrary or fanciful manner by not granting plaintiff relief on that basis.

¶ 20 In sum, we find that the court did not err in dismissing plaintiff's administrative review action or in denying reconsideration of the dismissal.

¶ 21 Accordingly, we affirm the judgment of the circuit court.

¶ 22 Affirmed.